## PETERS v. FRY.

No. 25424.   April 30, 1935.

Rehearing Denied June 18, 1935.

A. M. Widdows, for plaintiff in error.

Everest, McKenzie & Gibbens, for defendant in error.

PER CURIAM.  The parties to this action occupy the same position in this court as they did in the trial court and will be referred to as the plaintiff and the defendant.

This is a suit begun April 20, 1932, in the district court of Oklahoma county on a promissory note for $5,000, executed on February 3, 1931, by the defendant to the plaintiff.   Defendant admits the execution of the note, and pleads a certain contract entered into between plaintiff and defendant, and says that by reason thereof a partnership existed between the parties, as a result of which plaintiff became liable for his proportion of certain losses growing out of the partnership transactions, and which defendant is entitled to interpose as a set-off against the note.   The note sued on is a renewal note of a portion of the $7,500 advanced by plaintiff to defendant under the contract.   The contract was pleaded by the defendant and attached as exhibit "A" to his answer, and is as follows:

"Exhibit A.

"Agreement.

"This agreement, entered into this 6th day of August, 1926, between Chas. B. Peters of Tulsa, Okla., party of the first part, and E. M. Fry of McAlester, Okla., party of the second part.

"Witnesseth:   Party of the second part has made a certain investment in bank stock of the McAlester Trust Company of McAlester, Okla. and is contemplating making investments in the stock of other banks in the state of Oklahoma, namely, $5,000 in the McAlester Trust Company at par, being $25 per share, and $2,500 in three other banks in Oklahoma, in all of which the said second party will be an officer, and party of the first part has furnished him the sum of $7,500, for which party of the second part has this day executed his note in said amount, said note bearing interest at the rate of six per cent. per annum, from maturity.

"As a further consideration for said loan, it is agreed that the two parties hereto named shall share jointly in the profits accruing from the investment of the said $7,500, after the above-mentioned six per cent. interest is paid.

"The substance of this contract being that the party of the second part is authorized to make said investments, and that from the profits or dividends paid on same, first, the six per cent, interest shall be paid; second, any dividends or profits over and above the interest shall be equally divided between

the parties; third, in case of sales of stock or property purchased with said above-mentioned funds, the money shall be applied to the payment of the note, and the value and profits from said investment, after the above-mentioned note and interest is paid, shall be divided equally between the parties hereto, and shall be the joint property of the parties hereto.

"It is agreed that the said bank stocks shall be purchased in the name of and be the property of the said party of the second part, who shall have the privilege of pledging said stocks as a collateral upon which to borrow money to purchase other bank stocks, and that said second party shall be liable to first party for the principal sum of $7,500, represented by the above described note, with interest thereon and one-half of any dividends or profits, as heretofore provided.

"It is agreed that this contract shall run for a period of six months from this date, unless canceled by mutual agreement, and that it may be extended beyond six months by agreement of both parties hereto.

"In witness whereof the parties have hereunto set their hands the day and year first above written.

> "Chas. B. Peters,
> "Party of the First Part.

> "E. M. Fry,
> "Party of the Second Part.

"Witnesses: Mary E. Humphrey, Wm. S. Sterling."

At page 13 of plaintiff's brief, under the heading of "Proposition Twelve," it is stated that:

"Under the testimony admitted—whether competent or incompetent—there being no dispute as to the material facts, the construction of the agreement was a matter of law and the only proper legal conclusion is that the contract was one for the loan of money."

At page 17 of defendant's brief it is stated that:

"The controversy arose over the interpretation of the contract which we claim was a partnership arrangement, and whether such a contract together with the interpretation put upon it (by the parties) did actually create a partnership."

From the foregoing statements of the respective counsel of the plaintiff and the defendant, it is apparent that the real issue is whether there existed a partnership between plaintiff and defendant. Able and exhaustive briefs have been furnished by counsel for both sides, and we have examined the numerous authorities cited. We have made a careful examination of the record, and conclude that the question for determination is one of construction of the contract identified as exhibit "A" to defendant's answer.

We do not think the evidence offered by the defendant, and admitted by the trial court over the objection of plaintiff's attorney, violates the parol evidence rule prohibiting the introduction of oral testimony to vary or modify the terms of a written contract. There was quite considerable evidence offered by both parties, some of which was open to the objection of incompetency and immateriality. This evidence was mainly presented for the purpose of shedding light on the intention of the parties, and showing what interpretation they themselves put on the contract. It did not vary or alter the terms of the contract itself.

In determining whether or not an agreement between two or more parties constitutes a partnership, the intention is one of the elements to be determined, and this is to be gathered either from the contract, if there is a written contract, or, if oral, from the conduct of the parties. If there should be doubt as to just what the intention of the parties was in the written instrument, then the construction put upon the instrument by the parties themselves in the course of their dealings with each other may be shown by oral testimony. Taken as a whole, we do not think the evidence admitted by the trial court was prejudicial to plaintiff's rights, especially in view of the fact that the cause was tried without the intervention of a jury.

Our statute defines a partnership as being "the association of two or more persons for the purpose of carrying on business together and dividing its profits between them." Section 8103, C. O. S. 1921 (11624, O. S. 1931).

In Ruling Case Law, vol. 20, sec. 42, page 838, the rule, where there is a division of profits, is stated in apt words, as follows:

"If the party investing the money is to be repaid out of the profits, as profits, and the amount is to depend on the business, so that it will fluctuate according to the amount of the net whole profits, there is such a community as to the profits as will create a partnership." Brandon & Dreyer v. Conner, 117 Ga. 759, 45 S. E. 371, 63 L. R. A. 260.

Further discussing the subject, the author in vol. 20, R. C. L., at page 801, says:

" "* * * The courts in a number of ju-

risdictions have approved of definitions containing the added qualification that where there is a partnership there is a communion of the profits, or a community of interest in the profits.' "

It will be noted from an examination of the agreement in paragraph 3 thereof that the contract states, "that the two parties herein named shall share jointly in the profits accruing from the investment of the said $7,500," and that in paragraph 4 of the contract, it is provided, "the value and profits from said investment, after the above-mentioned note and interest is paid, shall be divided equally between the parties hereto, and shall be the joint property of the parties hereto."

The gist of the cases holding that, where a party loans money to another for the purpose of carrying on a business under an agreement to repay the lender the sum advanced, and in addition pay to him a proportion of the net profits for the use of the money, it does not constitute a partnership, is bottomed on the principle that such an arrangement is but a method by which it is agreed between the parties that the lender is to be compensated for the use of the money; but where the agreement provides that the profits are to be divided equally, after payment of principal and interest to the lender, and any profits made out of the investment are to be the **joint property of both parties** to the contract, there is a different status created, and such an arrangement, or agreement, comes within the general accepted definition of partners, and constitutes a partnership.

We are of the opinion, in the light of the foregoing authorities, that the relation between the plaintiff and the defendant under the contract made by them constitutes a partnership, and that the judgment of the lower court should be affirmed. It is so ordered.

The Supreme Court acknowledges the aid of Attorneys John Caruthers, A. N. Boatman, and George C. Beidleman in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Caruthers and approved by Mr. Boatman and Mr. Beidleman, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, PHELPS, and CORN, JJ., concur.