James S. Robertson, Jr., Dallas, Tex., for defendants-appellees cross-appellants.

**Joseph F. MASON et al., Plaintiffs-Appellants Cross-Appellees,**

v.

**J. W. MARSHALL et al., Defendants-Appellees Cross-Appellants.**

No. 75–1211.

United States Court of Appeals,
Fifth Circuit.

May 20, 1976.

Before GEWIN, GODBOLD and SIMPSON, Circuit Judges.

PER CURIAM:

Subject to the following explanation, the judgment below is affirmed on the basis of the opinion of the District Court, appearing at 412 F.Supp. 294.

The court below found that "even if there had been a full disclosure of all facts relating to the Seven Well program, the plaintiffs' investment decisions would have remained the same." We approve this application of the "reliance" test in light of *Affiliated Ute Citizens v. U. S.*, 406 U.S. 128, 92 S.Ct. 1456, 31 L.Ed.2d 741 (1972), and *Titan Group, Inc. v. Faggen*, 513 F.2d 234 (CA2), *cert. denied*, 423 U.S. 840, 96 S.Ct. 70, 46 L.Ed.2d 59 (1975). In *Affiliated Ute*, the Supreme Court held that where a case is primarily one of nondisclosure, actual reliance need not be shown when the plaintiff has proved that the omitted facts were ones that a reasonable investor might have considered important in making his decision. 406 U.S. at 153–154, 92 S.Ct. at 1472, 31 L.Ed.2d at 761.

The Second Circuit, in *Titan Group*, reasoned that *Affiliated Ute* did not abolish

reliance as a prerequisite to recovery, but rather that it recognized the difficulty of proving reliance on omitted material facts. The court went on to explain that where there is sufficient evidence of what the plaintiff actually did rely upon, the inference of reliance drawn from materiality, which *Affiliated Ute* permits, is overcome. We agree with that analysis.

This reasoning fully supports the finding of the District Court set out above. The objective materiality of the omissions was overcome by the strong evidence of the plaintiffs' reliance on other sources.

AFFIRMED.