**Gaylon McCULLOUGH, Plaintiff,**

v.

**LEEDE OIL & GAS, INC., and Robert Johnson, Defendants.**

**No. CIV 84–597–R.**

United States District Court,
W.D. Oklahoma.

July 19, 1985.

---

**2.** The loss of consortium claim argued in plaintiffs' brief is not considered because it was never pled.

Emmanuel E. Edem, John W. Norman Inc., Oklahoma City, Okl., for plaintiff.

R. Paul Wickes, Lisa B. Plumly, Watson & McKenzie, Max C. Tuepker, Mock, Schwabe, Waldo, Elder, Reeves & Bryant, Oklahoma City, Okl., for defendants.

## ORDER

DAVID L. RUSSELL, District Judge.

The Plaintiff brought this action against the Defendants pursuant to the Securities Act of 1933, 15 U.S.C. §§ 77a–77aa (1982), the Securities Exchange Act of 1934, 15 U.S.C. §§ 78a–78kk (1982) and the statutes and common law of Alabama, Oklahoma and Texas. The Defendant Leede Oil & Gas counterclaimed, alleging that the Plaintiff has breached a joint operating agreement between the parties. Currently pending are two motions made pursuant to

Fed.R.Civ.P. 56: (1) The Defendant's Motions for Partial Summary Judgment on the Plaintiff's claims; and, (2) the Plaintiff's Motion for Summary Judgment on Leede's counterclaim. The Defendant Robert Johnson has joined in Leede's motion seeking judgment on the Plaintiff's claims. The two motions have been fully briefed and the Court is prepared to dispose of them in this Order.

## I.

In Count I of his Second Amended Complaint, the Plaintiff alleges that the Defendants violated § 12(1) of the Securities Act of 1933, 15 U.S.C. § 77*l* (1) (1982), by selling an unregistered security. The Defendants argue that this claim is barred by the applicable statute of limitations, § 13 of the Act, 15 U.S.C. § 77m. Noting that § 13 provides a one year statute of limitations for nonregistration claims under § 12(1), and that this action was filed over two years after the date of sale, the Defendants contend that § 13 bars maintenance of this claim. The Plaintiff, on the other hand, argues that the § 13 statute of limitations was tolled by the Defendants' fraudulent concealment of their violation of the Act. *E.g., Holmberg v. Armbrecht,* 327 U.S. 392, 397, 66 S.Ct. 582, 585, 90 L.Ed. 743 (1946); *Exploration Co. v. United States,* 247 U.S. 435, 449, 38 S.Ct. 571, 573, 62 L.Ed. 1200 (1918); *Bailey v. Glover,* 88 U.S. (21 Wall.) 342, 349, 22 L.Ed. 636 (1875).

In seeking an equitable tolling of the statute of limitations for fraudulent concealment, the Plaintiff is in essence asking the Court to create a "discovery rule" exception to the one year period contained in § 13. *See Cook v. Avien,* 573 F.2d 685, 695 (1st Cir.1978). Section 13 provides as follows:

No action shall be maintained to enforce any liability created under section 77k [§ 11 of the Act] or 771(2) [§ 12(2) of the act] of this title unless brought within one year after the discovery of the untrue statement or omission, or after such discovery should have been made by the

exercise of reasonable diligence, or, if the action is to enforce a liability created under section 771(1) [§ 12(1) of the Act] of this title, unless brought within one year after the violation upon which it is based. In no event shall any such action be brought to enforce a liability created under section 77k or 771(1) of this title more than three years after the security was bona fide offered to the public, or under section 771(2) of this title more than three years after the sale.

15 U.S.C. § 77m (1982). As is obvious from text of § 77m, the Act employs a discovery rule statute of limitations for false registration claims under § 11 of the act and for the so-called "antifraud" claims under § 12(2) of the Act. However § 77m does not provide for a discovery rule statute of limitations for the type of claim brought herein by the Plaintiff, a nonregistration claim under § 12(1) of the Act. For those claims a flat one year period is prescribed. Thus, at least on its face, the statute does not lend itself to the construction urged by the Plaintiff. Nevertheless, some courts have applied the discovery rule tolling to the § 13 period applicable to nonregistration claims, *e.g., Katz v. Amos Treat & Co.,* 411 F.2d 1046, 1055 (2nd Cir.1969); *Houlihan v. Anderson-Stokes, Inc.,* 434 F.Supp. 1319, 1322 (D.D.C.1977); *Dyer v. Eastern Trust & Banking Co.,* 336 F.Supp. 890, 901 (D.Me.1971); *cf. Ingenito v. Bermec Corp.,* 376 F.Supp. 1154, 1173 (S.D.N.Y.1974), presumably because "tolling by fraudulent concealment ... 'is read into every federal statute of limitation.'" *Public Service Co. of New Mexico v. General Electric Co.,* 315 F.2d 306, 310 (10th Cir.1963), *cert. denied* 374 U.S. 809, 83 S.Ct. 1695, 10 L.Ed.2d 1033 (1963), *quoting Armbrecht,* 327 U.S. at 397, 66 S.Ct. at 585. *See also In re Home-Stake Production Co.,* 76 F.R.D. 337, 344 (N.D.Okla. 1975).

The application of the discovery rule to the one year limitation period for nonregistration claims has not been universal; some courts have concluded that "under the explicit language of § 13, the limitations period runs from the date of the violation irre-

spective of whether the plaintiff knew of the violation." *Cook v. Avien,* 573 F.2d 685, 691 (1st Cir.1978). *See also Gridley v. Cunningham,* 550 F.2d 551, 552–53 (8th Cir. 1977); *Kilmartin v. H.C. Wainwright & Co.,* 580 F.Supp. 604, 610 (D.Mass.1984); *Felts v. National Account Systems Association, Inc.,* 469 F.Supp. 54, 64 (N.D.Miss. 1978); *Lingenfelter v. Title Insurance Co. of Minnesota,* 442 F.Supp. 981, 990 (D.Neb. 1977); *Mason v. Marshall,* 412 F.Supp. 294, 299 (N.D.Tex.1974), *aff'd* 531 F.2d 1274 (5th Cir.1976); *Ferland v. Orange Groves of Florida, Inc.,* 377 F.Supp. 690, 703 (M.D.Fla.1974); *Shuman v. Sherman,* 356 F.Supp. 911, 912–13 (D.Md.1973); *Moerman v. Zipco, Inc.,* 302 F.Supp. 439, 445 (E.D.N.Y.1969), *aff'd* 422 F.2d 871 (2nd Cir. 1970). Thus, the Court in considering this question of first impression in this district is faced with a split of authority concerning the applicability of the discovery rule to the one year limitation period governing § 12(1) nonregistration claims.

■ The Court concludes that neither the discovery rule nor its analog, the doctrine of equitable tolling, should be applied to the one year limitation period governing nonregistration claims for three reasons. First, the language of § 13 militates against such an application. With respect to § 12(1) claims, it is clear and unequivocal that an action must be "brought within one year after the violation upon which it is based." 15 U.S.C. § 77m. Had Congress intended that this limitation be subject to equitable tolling, it could have included the discovery rule utilized in the limitation provision applicable to § 11 and § 12(2) claims. The legislative message is clear; by including a discovery rule limitation for certain classes of claims but omitting it for nonregistration claims, in the very same statutory provision, Congress clearly reflected its intent to prohibit application of the discovery rule to § 12(1) nonregistration claims. This Court refuses to do what Congress declined to do in enacting § 13.

Second, there is little justification for application of the discovery rule outside the fraud-based causes of action. The dis-covery rule, or any equitable tolling on the basis of fraudulent concealment, is premised on a fraudfeasor's ability to conceal his violations. However, a seller of securities cannot conceal the fact that the securities he sells are not registered. While he may misrepresent that the securities are properly registered, or that registration is not required, he cannot prevent a purchaser from discovering the true facts as to a lack of registration. Thus, the discovery rule has little justification in the nonregistration setting.

■ Finally, the type of relief available for § 12(1) violations militates against application of the discovery rule to the one year statute of limitations. Actions under § 12 afford only rescissionary relief to a purchaser who still holds the unregistered security. 15 U.S.C. § 77*l*. One who seeks rescission is under an obligation to do so with reasonable diligence. *See Ingenito,* 376 F.Supp. at 1177 (Section 12(1) is a "strictly limited cause of action for rescission, whose timely prosecution is essential to its survival."). This policy is furthered generally by a shorter statute of limitations, and in particular by a statute of limitations not extended by a purchaser's lack of knowledge of the facts giving rise to his claim. While this reasoning is arguably applicable to all § 12 claims, it is especially forceful where Congress has declined to permit extension of the limitation period by equitable tolling and the seller is unable to conceal the facts giving rise to the claim, as are both the case with § 12(1) claims. Thus, the fact that claims for nonregistration bring rescissionary relief suggests that the applicable limitation period be kept to the shortest permissible length.

■ In summary, the Court concludes that the § 13 one year period of limitations governing § 12(1) nonregistration claims is subject to neither the discovery rule nor equitable tolling for fraudulent concealment. *But see LeCroy v. Dean Witter Reynolds, Inc.,* 585 F.Supp. 753, 758–59 (E.D.Ark.1984) (Although no discovery rule applies to § 12(1) claim, equitable tolling may apply); *Upton v. Trinidad Petroleum*

*Corp.*, 468 F.Supp. 330, 334–35 (N.D.Ala. 1979), *aff'd* 652 F.2d 424 (5th Cir.1981). The one year period "runs from the date of the violation." *Cook,* 573 F.2d at 691. It is undisputed in this case that this action was brought more than one year from the Defendants' alleged sale of an unregistered security, and is therefore barred by the statute of limitations.[1] Accordingly, the Defendants' Motions for Partial Summary Judgment are granted to the extent that they challenge the Plaintiff's first claim for relief.

## II.

The Defendants next contend that Count II of the Plaintiff's second Amended Complaint, an antifraud claim under § 12(2) of the Act, 15 U.S.C. § 77*l* (2), is barred by the statute of limitations. Again, the applicable period is found in § 13 of the Act, 15 U.S.C. § 77m; however, in the case of a § 12(2) claim, the action must be "brought within one year after the discovery of the untrue statement or omission, or after such discovery should have been made in the exercise of reasonable diligence." 15 U.S.C. § 77m. The Defendants argue that the Plaintiff should have discovered the alleged untrue statements in 1982, and is thus barred by the statute of limitations from maintaining this claim. The Plaintiff, on the other hand, contends that discovery did not occur until 1983, and that the action is therefore timely brought when filed on March 1, 1984.

The Plaintiff's account of the events leading up to the discovery of the alleged fraud is undisputed. The Plaintiff purchased a fractional working interest in the Thompson A–1 Well in Custer County, Oklahoma in the fall of 1981. By February of 1982 it had become obvious that the well had produced a dry hole, but the Plaintiff continued to receive billing statements for his share of the well's completion costs, presumably those costs attributable to plugging and abandonment. The Plaintiff then demanded that the Defendants provide him with an itemization of the costs being charged to him, and the invoices supporting those charges. The Defendants refused to provide the documents, and the Plaintiff began to suspect that he had been swindled. In July and August of 1982 he consulted several friends who were knowledgeable about the oil and gas industry, most notably one Jim Means, an experienced drilling operator. The Plaintiff's friends advised him of the necessity of obtaining more information about the well and the Defendants' company, which the Plaintiff attempted to do by again making demands on the Defendants. As before, the Defendants refused to provide any information. In the meantime, Means had left the country for Indonesia, taking with him the few documents the Plaintiff had in his possession. The Plaintiff was unable to consult with Means or obtain his documents until the summer of 1983, when Means returned to the United States. The Plaintiff then determined that litigation was appropriate, and this action was filed on March 1, 1984.

■ The reasonable diligence standard embodied in § 77m requires a party to initiate his antifraud claim within a year of when "the possibility of fraud should have been apparent." *Ingenito v. Bermec Corp.,* 441 F.Supp. 525, 554 (S.D.N.Y.1977), *quoting Klein v. Shields & Co.,* 470 F.2d 1344, 1377 (2d Cir.1972). A party seeking damages under § 77*l* (2) may not delay commencement of his action until he has full knowledge of the existence of his claim; the one year limitations period of § 77m begins to run when the plaintiff is aware of sufficient facts to give him inquiry notice. *Cook,* 573 F.2d at 696; *Ingenito,* 441 F.Supp. at 554–55, *citing Klein v. Bower,* 421 F.2d 338, 343 (2d Cir.1970). *See also Vigman v. Community National Bank & Trust Co.,* 635 F.2d 455, 459 (5th Cir.1981). The reasonable diligence standard is an objective standard, *see Kramas*

---

1. Assuming *arguendo* that the doctrine of equitable tolling were applicable to a § 12(1) claim, the claim would nevertheless still be barred by the statute of limitations because of the Plaintiff's lack of reasonable diligence. *See infra* at 388–389.

*v. Security Gas & Oil, Inc.*, 672 F.2d 766, 771 (9th Cir.1982), and a plaintiff is not entitled to "await ... leisurely discovery of the full details of the alleged scheme." *Cook*, 573 F.2d at 696, *quoting Bower*, 421 F.2d at 343.

■ The Court cannot say that the Plaintiff's conduct in this case amounts to reasonable diligence. By his own admission, the Plaintiff began to suspect wrongdoing early in 1982. His suspicions were reinforced when the Defendants refused to provide the documentation he requested, and at this point the Plaintiff had at least the requisite inquiry notice. Indeed, the Plaintiff may well have had something more than inquiry notice, as his case was filed in 1984 upon the same documentation he possessed in 1982. Nevertheless, the Plaintiff failed to act diligently to preserve his rights; rather, he gave the only available documentation to a disinterested third party and allowed those items to leave the country for the better part of one year. The conduct of the Plaintiff in 1982 is anything but reasonable diligence, and the Court concludes that the one year limitations period began to run at some point in 1982, when the Plaintiff apparently had all the information he needed to file his action some two years later.

It is impossible from the Plaintiff's statement of the facts to determine the exact date in 1982 when the limitations period began to run. However, such a determination is unnecessary. It is sufficient that this action should have been commenced at some point in 1983 and was therefore barred by March 1, 1984, when the action was filed. As the Plaintiff has failed to raise any questions of fact concerning reasonable diligence, *see Cook*, 573 F.2d at 695 (Burden is on the plaintiff to show compliance with the statute of limitations in a § 77*l* (2) claim), summary judgment is appropriate. *Kramas*, 672 F.2d at 770. Thus, the Defendants' Motions for Partial Summary Judgment are granted to the extent that they challenge Count II of the Plaintiff's second Amended Complaint.

## III.

The Plaintiff in Count VI of the Second Amended Complaint alleges violations of the Oklahoma Securities Act, 71 O.S. 1981 §§ 1–703. *E.g.*, 71 O.S. 1981 § 408(a). The Defendants contend that Oklahoma Blue Sky law is inapplicable to the transaction in this case, and that summary judgment is therefore appropriate on this claim for relief. The Plaintiff, on the other hand, asserts that the transaction in question has sufficient connection with the State of Oklahoma to implicate Oklahoma Blue Sky law.

■ A securities transaction comes within the purview of the civil liabilities portion of the Oklahoma Securities Act, 71 O.S. 1981 § 408(a), under the following two circumstances: (1) when an offer to sell is made in Oklahoma; and, (2) when an offer to buy is made and accepted in Oklahoma. 71 O.S. 1981 § 413(a). The Plaintiff contends that, because certain documents were sent from the Defendants' branch office in Oklahoma City, the offer to sell can be deemed to have been made in this state. The Court does not agree. After examining the documents exchanged between the parties in the course of negotiations, the Court is satisfied that the documents embodying the offer to sell and the acceptance thereof originated in either Texas or Alabama. Although some correspondence did originate in this state, none of that correspondence amounts to an offer or acceptance of a sale of securities. Thus, under § 413(a) Oklahoma Blue Sky law is inapplicable to the transaction in this case, and to the extent that the Defendants' Motions for Partial Summary Judgment challenge Count VI of the Plaintiff's Second Amended Complaint, they are granted.

## IV.

In Count VII of the Second Amended Complaint the Plaintiff alleges that the Defendants breached fiduciary duties owed to the Plaintiff as a partner of the Defendants. The Defendants argue that, as the contract between the parties establishes no partnership, no fiduciary obligations exist-

ed between the Plaintiff and the Defendants. The Defendants thus contend that they are entitled to judgment as a matter of law on the claim for breach of fiduciary duties.

It must first be noted that the Plaintiff apparently agrees that fiduciary duties arise in this action only if the relationship between the parties amounts to a partnership. While it is true that fiduciary duties arise in the context of legal relationships other than a partnership, *see, e.g., Steinbrugge v. Haddock*, 281 F.2d 871, 874 (10th Cir.1960), the Plaintiff does not contend that the alleged fiduciary duties owed to him in this act arise from any relationship other than a partnership. His allegations and argument focus singularly on the existence of a partnership between himself and the Defendants, and the Court concludes that, unless the facts of the case establish such a relationship, no fiduciary duties are owed in this action.

■■■ The pivotal element in the formation of a partnership is that of intent; the parties to an agreement purported to establish a partnership must have intended to form a partnership. E.g., *Dowdy v. Clausewitz*, 361 P.2d 288, 290 (Okla.1961). *See also Freese v. United States*, 455 F.2d 1146, 1151 (10th Cir.1972), *cert. denied* 409 U.S. 879, 93 S.Ct. 85, 34 L.Ed.2d 134 (1972). Where there is a written agreement between the parties, the requisite intent must be discoverable from the instrument alleged to give rise to the partnership. *See Olive v. Turner*, 120 F.Supp. 478, 483 n. 12 (W.D.Okla.1954), *quoting Peters v. Fry*, 173 Okla. 30, 46 P.2d 358, 360 (1935); *Long v. United States*, 96 F.Supp. 445, 447 (W.D. Okla.1951) (Also quoting *Peters*). The written agreement in this case makes direct and unequivocal reference to the parties' intent: "It is not the intention of the parties to create, nor shall this agreement be construed as creating, a mining or other partnership or association, or to render the parties liable as partners." Thus, it is clear from the language of the agreement that a partnership was not contemplated by the parties.

This explicit disclaimer of the intent to create a partnership is not necessarily dispositive; the Plaintiff could circumvent the clear language of the written agreement if he could prove that conduct or writings subsequent to the agreement worked a modification, *see* 15 O.S. 1981 § 237, or that the agreement as written does not reflect the true intent of the parties. *See Cameron v. Stephenson*, 379 F.2d 953, 958 (10th Cir.1967); *Agee v. Travelers Indemnity Co.*, 264 F.Supp. 322, 326 (W.D.Okla.1967), *aff'd* 396 F.2d 57 (10th Cir.1968). However, the Plaintiff can prove neither. None of the subsequent writings presented by the Plaintiff reflects a modification in the original written agreement. And the Plaintiff's statement that he understood the written agreement to establish a partnership is insufficient to support the contention that the parties intended other than the explicit language of the agreement.

■■■ The Plaintiff contends that the existence of a partnership is always a question of fact. This contention is simply not true. *E.g., Dowdy*, 361 P.2d at 290 ("[T]he question of the existence of a partnership was one of law for the court.") There are no factual issues in this case concerning the existence of a partnership because the Plaintiff has failed to present any evidence to controvert the plain statement of intent contained in the written agreement.

Thus, the Court concludes that no partnership existed between the Plaintiff and the Defendant on the facts of this case. This being the basis alleged by the Plaintiff to support the existence of fiduciary duties, the Court likewise concludes that the Defendants owed the Plaintiff no fiduciary duties. Accordingly, the Defendants' Motions for Partial Summary Judgment are granted to the extent that they challenge Count VII of the Plaintiff's Second Amended Complaint.

V.

The Defendants' motions last challenge Count XIII of the Second Amended Complaint, a claim for violations of Alabama

Blue Sky law, Ala.Code § 8–6–19(a) (1975). Noting that such claims must be brought within two years of the contract of sale, *see* Ala.Code § 8–6–19(e), the Defendants contend that this action is barred by the statute of limitations, as the contract of sale was executed no later than November 13, 1981, and this action was not filed until March 1, 1984. The Plaintiff, on the other hand, argues that § 8–6–19(e) is subject to equitable tolling, or the so-called "discovery rule," and that this action is on that basis timely brought. This argument is premised on *First Federal Savings & Loan Association of Miami v. Mortgage Corp. of the South,* 650 F.2d 1376 (5th Cir.1981).

The Plaintiff's reliance on *First Federal* is misplaced. That case simply stands for the proposition that the federal equitable tolling doctrine applies to federal causes of action notwithstanding the fact that a state statute of limitations is borrowed. 650 F.2d at 1378. It does not suggest that Alabama courts apply a state created tolling doctrine to a statute of limitations that is notable for the absence of a discovery rule. Indeed, there is a total absence of authorities on the question whether § 8–6–19(e) can be equitably tolled by the discovery rule.

■■■ The Court concludes that it cannot be so tolled. The clear language of the statute is that the statute begins to run from the execution of the contract of sale. In light of the fact that the statute of limitations for common law fraud, Ala.Code § 6–2–39 (1975) explicitly incorporates the discovery rule, *see* Ala.Code § 6–2–3 (1975), the Court cannot conclude that the Alabama legislature intended that the Blue Sky statute of limitations would likewise be tolled in the absence of explicit language. Thus, the Court concludes that the limitation period embodied in § 8–6–19(e) runs from the date of execution of the contract of sale and is not tolled by the discovery rule. *Accord, First Federal Savings & Loan Association of Miami v. Mortgage Corp. of the South,* 467 F.Supp. 943, 953 (N.D.Ala.1979), *aff'd* 650 F.2d 1376 (5th Cir.1981). *See also White v. Sanders,* 650 F.2d 627, 630 (5th Cir.1981).

■■■ As the contract of sale herein was executed no later than November 13, 1981, the Plaintiff's claims under Alabama Blue Sky law were barred by § 8–6–19(e) when filed on March 1, 1984. Thus, to the extent that they challenge Count XIII of the Second Amended Complaint, the Defendants' Motions for Partial Summary Judgment are granted.

## VI.

The last matter before the court is the Plaintiff's Motion for Summary Judgment on the counterclaim of the Defendant Leede Oil & Gas. In support of this motion the Plaintiff relies on provisions of various securities acts which make unenforceable any obligations based on a contract of sale which is violative of a security act. For purposes of the motion, it is sufficient to note that this Court has yet to determine whether the transaction in question violates *any* securities law. The Plaintiff's motion is premature, and for that reason it is denied.

## VII.

In summary, the Court reaches the following conclusions:

1. The Defendants' Motions for Partial Summary Judgment are granted *in toto.*

2. The Plaintiff's Motion for Summary Judgment on the counterclaim of the Defendant Leede Oil & Gas is denied.

3. Summary judgment is granted in favor of the Defendants on Counts I, II, VI, VII and XIII of the Plaintiff's Second Amended Complaint.

4. Final judgment on the claims adjudicated above will be reserved until the remaining claims in this action have been adjudicated. *See* Fed.R.Civ.P. 54(b).