**PERRY H. BACON TRUST et al., Plaintiffs,**

v.

**TRANSITION PARTNERS, LIMITED, Defendant and Third–Party Plaintiff,**

v.

**Wachovia Securities, LLC; Scott P. Carson; Douglas K. Roesner; Raymond F. Freeman; and William Critchfield, Third–Party Defendants.**

No. 03–2310–JWL.

United States District Court, D. Kansas.

Jan. 8, 2004.

Amy E. Bauman, Stueve Helder Siegel LLP, Jan P. Helder, Jr., Stueve Helder Siegel LLP, Kansas City, MO, for Plaintiffs.

Cheryl L. Burbach, Hovey Williams LLP, John R. Cleary, Kyle B. Russell, Shughart Thomson & Kilroy, PC, Kansas

City, MO, for Defendant and Third–Party Plaintiff.

Michael W. Rhodes, Patrick L. Kenney, Lathrop & Gage L.C., Kirk T. May, Rouse Hendricks German May PC, Kansas City, MO; and Robert B. Rogers, Berkowitz Stanton Brandt Williams & Shaw LLP, Prairie Village, KS, for Third–Party Defendants.

## MEMORANDUM & ORDER

LUNGSTRUM, District Judge.

Plaintiffs filed suit against defendant alleging that defendant violated K.S.A. § 17–1255 by materially aiding in the sale of unregistered securities of U.S. Medical, Inc. This matter is presently before the court on defendant's motion for summary judgment (doc. # 42) and third-party defendant Scott P. Carson's motion to dismiss (doc. # 48). As set forth below, the motions are granted and plaintiffs' complaint is dismissed in its entirety.

### I. Facts

The following facts are either uncontroverted or related in the light most favorable to plaintiffs, the nonmoving parties. In the fall of 1999, U.S. Medical, Inc. offered to sell several hundred thousand shares of common stock pursuant to a private placement memorandum. Defendant served as the broker for the offering and the third-party defendants are various officers or agents of U.S. Medical. In December 1999, plaintiffs Perry H. Bacon Trust, Perry H. Bacon's Children's Trust and Perry H. Bacon Charitable Corporation purchased approximately 160,000 shares of U.S. Medical stock. According to plaintiffs, they purchased the stock only after U.S. Medical and its agents, including defendant, represented that U.S. Medical's financial condition was sound. After plaintiffs purchased the stock, they re-peatedly made requests for U.S. Medical's financial statements and those requests were ignored while U.S. Medical and its agents continued to assure plaintiffs that U.S. Medical's financial condition was sound.

In December 2000, approximately one year after plaintiffs purchased the stock, U.S. Medical sent plaintiffs a letter apologizing for the delay in forwarding financial information to them and advising that the financial statements for the fourth quarter 2000 would be forthcoming in mid-January 2001. No such statements were ever sent to plaintiffs. In fact, throughout 2001, plaintiffs never received any financial statements concerning U.S. Medical despite their repeated requests for such information. Rather, U.S. Medical and its agents continued to represent to plaintiffs that U.S. Medical was a profitable business, that its sales and revenues were increasing and that its position as a leader in the capital medical equipment market was strengthening.

In February 2002, U.S. Medical's President and CEO advised plaintiffs that U.S. Medical needed to raise $1.5 million to $2.5 million immediately and that if existing shareholders did not participate in the additional financing, the value of their stock would be significantly diluted. In June 2002, U.S. Medical filed a petition for bankruptcy and, due to the bankruptcy proceeding, plaintiffs' stock in U.S. Medical is now worthless. During this same time frame, plaintiffs learned for the first time that the U.S. Medical stock was never registered in Kansas and that neither U.S. Medical nor defendant ever provided any paperwork to the Office of the Kansas Securities Commissioner regarding the sale of the stock.

In May 2003, plaintiffs filed a one-count complaint against defendant alleging that defendant violated the Kansas Securities

Act and, more specifically, K.S.A. § 17–1255, by materially aiding in the sale of unregistered securities.[1] Defendant now moves for summary judgment on plaintiffs' claim on the grounds that plaintiffs' suit is barred by the applicable three-year statute of limitations as the complaint was filed more than three years after the sale of the stock.[2]

## II. Summary Judgment Standard

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Spaulding v. United Transp. Union,* 279 F.3d 901, 904 (10th Cir.2002). A fact is "material" if, under the applicable substantive law, it is "essential to the proper disposition of the claim." *Wright ex rel. Trust Co. of Kansas v. Abbott Laboratories, Inc.,* 259 F.3d 1226, 1231–32 (10th Cir.2001) (citing *Adler v. Wal–Mart Stores, Inc.,* 144 F.3d 664, 670 (10th Cir.1998)). An issue of fact is "genuine" if "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Adler,* 144 F.3d at 670 (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Spauld-ing,* 279 F.3d at 904 (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). In attempting to meet that standard, a movant that does not bear the ultimate burden of persuasion at trial need not negate the other party's claim; rather, the movant need simply point out to the court a lack of evidence for the other party on an essential element of that party's claim. *Adams v. American Guarantee & Liability Ins. Co.,* 233 F.3d 1242, 1246 (10th Cir.2000) (citing *Adler,* 144 F.3d at 671).

Once the movant has met this initial burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Spaulding,* 279 F.3d at 904 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)); *Anderson,* 477 U.S. at 256, 106 S.Ct. 2505; *Celotex,* 477 U.S. at 324, 106 S.Ct. 2548. The nonmoving party may not simply rest upon its pleadings to satisfy its burden. *Anderson,* 477 U.S. at 256, 106 S.Ct. 2505; *accord Eck v. Parke, Davis & Co.,* 256 F.3d 1013, 1017 (10th Cir.2001). Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Mitchell v. City of Moore, Oklahoma,* 218 F.3d 1190, 1197–98 (10th Cir.2000) (quoting *Adler,* 144 F.3d at 671). To accomplish this, the facts "must be identified by reference to an affidavit, a deposition transcript, or a specific exhibits incorporated therein." *Adams,* 233 F.3d at 1246.

---

1. As plaintiffs filed their case in state court, their "complaint" is labeled as a "petition." Nonetheless, the court uses the term "complaint" here as defendant has removed the case to federal court and the federal rules and relevant case law use the term "complaint" rather than "petition."

2. Third-party defendant Scott P. Carson's motion to dismiss simply adopts defendant's motion in its entirety and all parties apparently agree that Mr. Carson's motion must be granted if defendant's motion is granted and denied if defendant's motion is denied.

Finally, the court notes that summary judgment is not a "disfavored procedural shortcut;" rather, it is an important procedure "designed to secure the just, speedy and in-expensive determination of every action." *Celotex*, 477 U.S. at 327, 106 S.Ct. 2548 (quoting Fed.R.Civ.P. 1).

## III. Discussion

Defendant moves for summary judgment on the grounds that plaintiffs' cause of action is barred by the applicable three-year statute of limitations. *See* K.S.A. § 60–512(2); *Kelly v. Primeline Advisory, Inc.*, 256 Kan. 978, 983, 889 P.2d 130 (1995) (holding that three-year statute of limitations under K.S.A. § 60–512(2) applies to civil actions brought under Kansas Securities Act). While plaintiffs concede that they filed suit more than three years after the final stock purchase was made, they assert that their cause of action did not accrue until June 2002, when they first discovered (and reasonably should have discovered) the facts establishing their right to relief. Specifically, plaintiffs assert that they had no knowledge of the facts giving rise to their claim until June 2002 given defendant's active fraudulent concealment of U.S. Medical's financial condition. In its motion for summary judgment, defendant contends that neither the fraudulent concealment doctrine in particular nor the discovery rule generally is available to plaintiffs because plaintiffs' cause of action is not "grounded in fraud."

Defendant further asserts that, even assuming the discovery rule is available generally to plaintiffs, the rule does not apply in this particular case as the violations alleged by plaintiffs were easily discernable at all times prior to the expiration of the statute of limitations.[3]

### A. Do Plaintiffs' Allegations of Fraudulent Concealment Toll the Limitations Period?

In its motion, defendant urges that the fraudulent concealment doctrine is available to toll a statute of limitations only in cases grounded in fraud, such as when a plaintiff asserts a claim for securities fraud under the Kansas Securities Act.[4] According to defendant, plaintiffs' claim here is simply one for selling unregistered securities and is therefore not fraud-based. Indeed, a review of plaintiffs' complaint makes clear that plaintiffs, despite alleging in their complaint that defendants fraudulently concealed U.S. Medical's financial condition, are asserting only one claim in this case-a claim based on a violation of K.S.A. § 17–1255, which prohibits the sale of unregistered nonexempt securities. In response to defendant's motion, plaintiffs seem to argue both that their claim has a fraud component such that the doctrine would apply in this case and, in any event, Kansas law permits the application of the fraudulent concealment doctrine in cases not grounded in fraud such that application is appropriate in this case even if the

---

**3.** In the alternative, defendant asserts that it is entitled to summary judgment on plaintiffs' claims because plaintiffs had actual knowledge of their cause of action prior to the expiration of the limitations period. The court declines to address this argument in light of its conclusion that defendant's other arguments have merit.

**4.** Plaintiffs' initial response to defendant's motion for summary judgment is that the court already addressed and rejected defen-

dant's arguments in denying defendant's previously filed motion to dismiss pursuant to Rule 12(b)(6). The court, however, did not resolve at the 12(b)(6) stage those issues raised by defendant in its motion for summary judgment. Rather, the court denied the motion to dismiss because it concluded that the issues needed to be fleshed out in more detail and that a summary judgment motion was a more appropriate vehicle for analyzing the issues.

court determines that their claim is not grounded in fraud.

■ As explained, plaintiffs seek to expand the expired three-year statute of limitations in section 60–512(2) based on the doctrine of fraudulent concealment. Under this doctrine, the statute of limitations for a cause of action does not start to run until the plaintiff discovers the fraud or until the plaintiff learns such facts as would lead a reasonable person to investigate. *Bonin v. Vannaman*, 261 Kan. 199, 206–07, 929 P.2d 754 (1996). In *Bonin*, the Kansas Supreme Court reiterated the rule of law previously set forth by the court in *McCoy v. Wesley Hospital & Nurse Training School*, 188 Kan. 325, 331, 362 P.2d 841 (1961) that

> The [fraudulent concealment] rule applies only when the party against whom the bar of the statute is interposed is required to allege fraud in pleading his cause of action, or to prove fraud to entitled him to relief.

261 Kan. at 207, 929 P.2d 754. According to the court in *Bonin*, then, the fraudulent concealment doctrine "only tolls the time in which a fraud action may be filed if the plaintiff's claim for relief is validly grounded in fraud on its face." *Id.*

Plaintiffs' claim simply does not satisfy the rule as described in *Bonin*. In pleading a violation of section 17–1255 based on the sale of unregistered securities, a plaintiff need not allege fraud and is certainly not required to prove fraud to obtain relief. A plaintiff need only prove that the securities were nonexempt and not registered with the Kansas Securities Commissioner. *See* K.S.A. §§ 17–1255, –1256(b) & –1268(a). While plaintiff's complaint, then, contains allegations of fraudulent concealment, plaintiff's claim for relief is not validly grounded in fraud and, thus, Kansas law appears to prohibit application of the fraudulent concealment doctrine.

The court's conclusion is consistent with the vast majority of courts that have addressed this issue and have held that the doctrine of fraudulent concealment does not apply to non-registration claims. *See, e.g., Blatt v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 916 F.Supp. 1343, 1352–53 & n. 7 (D.N.J.1996) (following majority rule and declining to apply the doctrine of fraudulent concealment to federal non-registration claim); *Barton v. Peterson*, 733 F.Supp. 1482, 1490 (N.D.Ga.1990) ("better reasoned authority holds that equitable tolling and fraudulent concealment are not available to toll the one-year statute of limitation for [federal] registration claims").

Plaintiffs also suggest in their brief that Kansas law no longer limits application of the doctrine of fraudulent concealment to claims grounded in fraud. Perhaps the best summary of plaintiffs' argument in this regard is found in a case from the United States District Court for the District of Columbia, *In re Vitamins Antitrust Litigation*, 2000 WL 1524912 (D.D.C. July 14, 2000). In that case, the district court analyzed, under Kansas law, whether the doctrine of fraudulent concealment could be used to toll the three-year statute of limitations of section 60–512(2) that governed the plaintiff's antitrust claim filed pursuant to the Kansas Antitrust Statutes. *See id.* at *3. The district court surmised that more recent decisions since the Kansas Supreme Court's 1961 *McCoy* decision suggest that the rule in Kansas that "fraudulent concealment applies only to claims sounding in fraud ... has been eroded and that fraudulent concealment now applies to claims that do not sound in fraud." *Id.*

In support of that statement, the district court looked to the Tenth Circuit's decision in *Baker v. Board of Regents of the State of Kansas*, 991 F.2d 628 (10th Cir.1993), in

which the Circuit applied Kansas law on the doctrine of fraudulent concealment to determine whether the state statute of limitations could be tolled for the plaintiff's federal civil rights claims. 991 F.2d at 632–33. The Circuit acknowledged one of its prior decisions in which it recognized that Kansas law does not permit tolling of a statute of limitations for fraudulent concealment "unless the plaintiff's claim for relief is grounded on fraud." *Id.* at 633 (quoting *Pike v. City of Mission, Kansas,* 731 F.2d 655, 658 (10th Cir.1984) (citing *McCoy,* 188 Kan. 325, 362 P.2d 841 (1961))). As the Circuit then explained:

However, that statement of the law no longer appears to be true. Now, under Kansas law, in order "to constitute concealment of a cause of action within the general rule tolling the statute of limitations, . . . there must be something of an affirmative nature designed to prevent, and which does prevent, discovery of the cause of action." *Friends Univ. v. W.R. Grace & Co.,* 227 Kan. 559, 608 P.2d 936, 941 (1980).

In *Baker,* the Circuit, while apparently concluding that the doctrine of fraudulent concealment could be applicable to toll the limitations period for the plaintiff's civil rights claims (i.e., claims not grounded in fraud), the Circuit ultimately concluded that the plaintiff had not shown that the defendant had acted affirmatively to conceal or to prevent the plaintiff from discovering the cause of action. *Id.*

Concluding that the *Baker* decision (and the *Friends* decision cited in Baker) supported application of fraudulent concealment to claims other than those sounding in fraud, the district court in *In re Vitamins Litigation* concluded that the doctrine was available to the plaintiff in connection with its claims under the Kansas Antitrust Statutes. 2000 WL 1524912, at *4. In so holding, the district court empha-

sized that the doctrine of fraudulent concealment would apply in cases not sounding in fraud only "where there was 'a design to prevent the discovery of the facts which gave rise to the action.'" *Id.* (quoting *Friends,* 608 P.2d at 941). The court also rejected the defendant's argument that the Kansas Supreme Court's decision in *Bonin* clarifies that the fraudulent concealment doctrine in Kansas still applies only to those cases grounded in fraud:

[I]n *Bonin,* the Kansas Supreme Court, addressing the application of fraudulent concealment to a statute of repose in a medical malpractice context, concluded that, even if fraudulent concealment applied to toll a statute of repose, its application was inappropriate because plaintiff had not pled any allegations of fraudulent conduct but rather had merely pled negligence. The Court did not address, and thus cannot be said to have overruled, its earlier decision in *Friends,* which has been relied upon by subsequent Tenth Circuit decisions in which the courts have recognized the application of fraudulent concealment to claims not sounding in fraud. *City of Wichita v. United States Gypsum Co.,* 72 F.3d 1491 (10th Cir.1996); *Baker v. Board of Regents of the State of Kansas,* 991 F.2d 628 (10th Cir.1993).

*Id.*

 The court here need not decide whether the rule in Kansas concerning the doctrine of fraudulent concealment has expanded in recent years to include claims not sounding in fraud. For even assuming the rule were available to plaintiffs in this case, plaintiffs have simply not alleged in their complaint or in their brief that defendant's conduct was designed "to prevent the discovery of the facts which gave rise to the action." *See id.; Baker,* 991 F.2d at 633. Here, plaintiffs do not allege that defendant fraudulently concealed the fact

that the securities were not registered; they do not allege that defendants represented that the securities were, in fact, registered or that the securities were exempt from registration. Plaintiffs assert only that defendant misrepresented U.S. Medical's financial condition such that plaintiffs did not appreciate the need to investigate the securities further, including checking the public record to see whether the securities had been registered. Plaintiffs' fraudulent concealment allegations, then, are not tied in any respect to the underlying injury-defendant's failure to register the securities. Thus, even if the court were to hold that the doctrine of fraudulent concealment is available in the context of a failure-to-register claim, it would not save plaintiffs' claim here. *See, e.g., Blatt v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 916 F.Supp. 1343, 1352–53 & n. 7 (D.N.J.1996) (noting that even in those cases where courts have permitted application of the fraudulent concealment doctrine, there has been a requirement of relating the fraudulent concealment to the registration of the security).

*B. Can Plaintiffs Avail Themselves of the Discovery Rule in this Case?*

Plaintiffs next contend that, notwithstanding their allegations of fraudulent concealment, the discovery rule should apply in this case as plaintiffs' claim was not easily dissemble and plaintiffs did not and could not have reasonably discovered the facts giving rise to their cause of action prior to June 2002. In its motion for summary judgment, defendant contends that the discovery rule applies to claims asserted under the Kansas Securities Act only when the claim is fraud-based. According to defendant, then, the discovery rule is not available in this case because plaintiffs' claim is not fraud-based and, in any event, their claim was easily discernable at all times prior to the expiration of the limitations period.

The Kansas legislature has codified a discovery rule applicable to multiple types of cases. *See* K.S.A. § 60–513(b). Under that statute, a cause of action does not accrue "until the act giving rise to the cause of action first causes substantial injury, or, if the fact of injury is not reasonably ascertainable until some time after the initial act, then the period of limitation shall not commence until the fact of injury becomes reasonably ascertainable to the injured party." Unlike K.S.A. § 60–513, however, the statute of limitation at issue in this case-K.S.A. § 60–512(2)–does not contain a discovery rule and offers no indication when the limitation period begins to run. Section 60–512 provides that:

> The following actions shall be brought within three (3) years: (1) All actions upon contracts, obligations or liabilities expressed or implied but not in writing. (2) An action upon a liability created by a statute other than penalty or forfeiture.

K.S.A. § 60–512.

In *Kelly v. Primeline Advisory, Inc.,* 256 Kan. 978, 889 P.2d 130 (1995), the Kansas Supreme Court addressed the issue of what statute of limitations applies to cases brought under the Kansas Securities Act and concluded that the three-year statute of limitations contained in K.S.A. § 60–512(2) applies to such claims. 256 Kan. at 983, 889 P.2d 130. Then, the court addressed the issue of whether the discovery rule would apply to fraud-based claims brought under the Kansas Securities Act despite the fact that section 60–512(2), unlike section 60–513(b), contains no language concerning when such a cause of action accrues. *Id.* at 983–88, 889 P.2d 130. Ultimately, the court reasoned that the Kansas Legislature must have intended for the discovery rule to apply to fraud-

based actions under the Kansas Securities Act and, thus, held that a fraud-based cause of action under section 17–1268(a) of the Kansas Securities Act (*i.e.,* an action alleging a material and misleading misrepresentation or omission by one was has offered or sold a security) does not accrue until the plaintiff discovers or reasonably should have discovered the facts necessary to support a claim. *See Kelly,* 256 Kan. at 988, 889 P.2d 130. In reaching that conclusion, the Kansas Supreme Court relied on the remedial nature of the Kansas Securities Act as well as the fact that a fraud-based cause of action under the Kansas Securities Act "is similar to ... [a cause of action for] common law fraud" and the "legislature specifically provided a discovery rule for common-law fraud." *Id.*

 The court in *Kelly* expressly stated that it was not addressing whether the discovery rule would apply to non-fraud-based claims under the Kansas Securities Act, including a cause of action for the sale of unregistered securities in violation of K.S.A. § 17–1255. *Id.* at 983–84, 889 P.2d 130. A careful reading of the *Kelly* decision, however, indicates that the Kansas Supreme Court, if faced with the issue, would decline to apply the discovery rule to non-fraud-based claims under the Kansas Securities Act. First, the court's comparison of a fraud-based claim under the Securities Act to a claim for common law fraud indicates that the fraud aspect of the claim is the key to applying the discovery rule in the absence of an express statutory provision concerning accrual. Second, the court, in rejecting the defendant's argument that the fact that the legislature did not include in section 60–512(2) an express provision concerning a discovery rule of accrual must mean that the legislature did not intend for a discovery rule to apply in actions controlled by 60–512(2), stated:

> While a plain meaning argument for statutory construction often is persuasive, we question its application in the instant case. Because of the general nature and potential applicability of 60–512(2) to many different kinds of actions, the statute is not a comfortable location for a sweeping "one size fits all" discovery rule. See K.S.A.1993 Supp. 60–513 for specific types of actions requiring discovery (*i.e.,* fraud, negligence, medical malpractice).

*Id.* at 984, 889 P.2d 130. This language, then, suggests that the Kansas Supreme Court would reject the notion that the discovery rule applies to all actions controlled by section 60–512(2) and would limit application of the discovery rule in actions controlled by section 60–512(2) to those actions akin to the types of actions enumerated in section 60–513.

Consistent with the Kansas Supreme Court's decision in *Kelly,* this court and others in this district have applied the discovery rule to actions controlled by section 60–512(2), but only when those actions are fraud-based. *In Rubin v. Riffe Homes, Inc.,* 1999 WL 588182 (D.Kan. July 26, 1999), this court, following the reasoning of *Kelly* as well as Judge VanBebber's opinion in *Alexander v. Certified Master Builder Corporation,* 43 F.Supp.2d 1242 (D.Kan.1999), held that a discovery rule would be applicable to claims brought under the Kansas Consumer Protection Act (despite the fact that such claims are controlled by section 60–512(2)) because such claims are similar to common law fraud claims. *Id.* at *3.

By contrast, Judge VanBebber has declined to apply the discovery rule in a case controlled by section 60–512(2) where the cause of action was not akin to a common law fraud claim. *See United Cities Gas Co. v. Brock Exploration Co.,* 984 F.Supp. 1379 (D.Kan.1997). In *Brock,* the plaintiff

alleged that the defendant violated the Kansas Public Utilities Act by unlawfully selling natural gas within plaintiff's certified territory. *Id.* at 1382. Judge VanBebber concluded that the three-year statute of limitations found in section 60–512(2) applied to the plaintiff's claim, *id.* at 1385, and he declined to apply the discovery rule to the claim. *Id.* at 1387–88. In rejecting the plaintiff's argument that the discovery rule should apply, Judge VanBebber wrote:

> The primary rationale for the *Kelly* holding-the fraudulent conduct undergirding the investors' claims-is not present here. Fraud claims are particularly well-suited to a discovery rule because the injuries and acts causing the injuries are highly difficult to detect. The defendants' illegal activities for which plaintiff seeks damages here, however, are easily discernable.
>
> \*　　\*　　\*　　\*　　\*　　\*
>
> Plaintiff has not alleged that defendant ever misrepresented the nature of their activities or inflicted damages that could not be detected immediately through the exercise of reasonable diligence.

*Id.* Judge VanBebber further noted that the plaintiff's "lack of diligence in investigating defendants' conduct does not serve as an adequate basis for extending the discovery rule to statutory violations centering around the regulation of public utilities and common carriers." *Id.* at 1388.

As explained by the court above in connection with its discussion of the fraudulent concealment doctrine, plaintiffs' claim here is simply not fraud-based and it is in no way analogous to a common law fraud claim. Like the plaintiff's claim in Brock, the unlawful conduct for which plaintiffs seek damages was easily discernable by plaintiffs at any time during the three-year limitations period, as the court will discuss more fully below. Plaintiffs have not al-

leged that defendant ever represented to plaintiffs that the securities were, in fact, registered or that the requisite paperwork had been provided to the Kansas Securities Commissioner. Plaintiffs allege only that defendants misrepresented their financial condition such that plaintiffs never felt the need to investigate the particular securities at issue and they simply declined to exercise reasonable diligence in ascertaining whether the securities were registered. In such circumstances, the court can find no authority under Kansas law that would permit it to apply the discovery rule in this case-a case controlled by section 60–512(2) but lacking any similarity to a common law fraud claim (or any other claim enumerated in section 60–513).

The court's conclusion in this case is supported by courts in other jurisdictions that have addressed this precise issue. In *Hanson v. Johnson,* 2003 WL 21639194 (D.Minn. June 30, 2003), for example, the district court refused to apply a discovery rule to the plaintiffs' claim that the defendant sold them unregistered securities in violation of Section 12(a)(1) of the Securities Exchange Act of 1933. *Id.* at \*3. In so holding, the court explained:

> [T]he Court finds "little justification" to apply a discovery rule or equitable tolling to causes of action which, like plaintiffs', do not involve allegations of fraud. *McCullough v. Leede Oil & Gas, Inc.,* 617 F.Supp. 384, 387 (W.D.Okla.1985). The court in *McCullough* noted that the "discovery rule, or any equitable tolling on the basis of fraudulent concealment, is premised on a fraudfeasor's ability to conceal his violation." *Id.* Although plaintiffs here claim they could not know the breadth of defendants' SDN offerings, they do not allege that defendants fraudulently concealed their failure to register the SDNs. Indeed, because registration of securities is a matter of public record, "a seller of securities cannot

conceal the fact that the securities he sells are not registered." *Id.* Plaintiffs' complaint does not allege fraud or misrepresentation; it alleges nothing more than failure to register. Thus, plaintiffs' contention that the breadth of defendant's enterprise was unknown is irrelevant. Because the registration status of the SDNs was always knowable, there is no later date to which the statute of limitations need be equitably tolled. The doctrine simply does not apply in these circumstances.

*Id.; accord Temple v. Gorman,* 201 F.Supp.2d 1238, 1241–42 (S.D.Fla.2002) (agreeing with "numerous other district courts that have held that the discovery rule does not apply" to claims brought under the federal Securities Act for the sale of unregistered securities and noting that the discovery rule is unjustified in such cases because non-registration violations are easily uncovered) (collecting cases). While plaintiffs alleged in their complaint that defendant concealed the true financial condition of U.S. Medical, those allegations are irrelevant to the only claim for relief asserted by plaintiffs-a claim for selling unregistered securities. Plaintiffs do not allege that defendant concealed their failure to register the securities. In these circumstances, the court declines to apply the discovery rule.

 Finally, even if a discovery rule did apply here, plaintiffs' complaint would still be untimely. Under a discovery rule, the limitations period starts running when the "fact of injury becomes reasonably ascertainable to the injured party." *See, e.g.,* K.S.A. § 60–513(b). The phrase "reasonably ascertainable" requires application of an objective standard to the surrounding circumstances. *Hall v. Miller,* 29 Kan. App.2d 1066, 36 P.3d 328 (2001). Here, it is evident that if plaintiffs had exercised reasonable diligence, they could have learned that the securities were not registered by checking the Kansas Securities

Commissioner's office. *See Hanson v. Johnson,* 2003 WL 21639194, at *5 n. 2 (D.Minn. June 30, 2003) (even assuming discovery rule available in case alleging selling of unregistered securities, plaintiffs' claim would still be untimely as the fact that the securities were unregistered could have been easily ascertained at any time by checking the Securities Exchange Commission's public records).

In that regard, defendant has submitted ample evidence in support of their motion demonstrating that the fact that the securities were not registered was a matter of public record at all times. Plaintiffs do not controvert this evidence, but again assert only that they did not check with the Securities Commissioner because they did not realize they had a reason to investigate in light of defendant's assurances about U.S. Medical's financial condition. The fact that plaintiffs decided not to investigate the securities, however, does not make the information any less discernable had plaintiffs exercised reasonable diligence. The discovery rule, then, even if generally applicable to plaintiffs' claim, does not save plaintiffs' claim in this particular case.

For the foregoing reasons, plaintiffs' claim is barred by the applicable three-year statute of limitations and neither the discovery rule nor the fraudulent concealment doctrine save plaintiffs' claim for the sale of unregistered securities.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for summary judgment (doc. # 42) and third-party defendant Scott P. Carson's motion to dismiss (doc. # 48) are granted and plaintiffs' complaint is dismissed in its entirety.

**IT IS SO ORDERED.**