381 So.2d 371 (1980)
John BIANCO, Appellant,
v.
PALM BEACH NEWSPAPERS, INC., Appellee.
No. 79-190.
District Court of Appeal of Florida, Fourth District.
March 26, 1980.
*372 Paula S. Gold of Baskin & Sears, Boca Raton, for appellant.
Richard W. Glenn of Albury, Webb, Park & Glenn, West Palm Beach, for appellee.
LETTS, Judge.
This appeal arises from a dismissal with prejudice of a libel suit filed by a prominent Palm Beach County citizen against a newspaper. We affirm.
The original dismissal of this complaint was not with prejudice and it could have been amended. Instead, the attorney for the appellant elected to stand on the complaint as written leaving us no choice but to consider it as presented to the trial court.
There can be no doubt that the language used in the newspaper editorial was defamatory, for it accused the appellant of "amoral manipulation" and attempts to "shakedown" elected officials. Had the complaint alleged only that the appellant was a private citizen, it would have been error to dismiss it, notwithstanding our personal knowledge outside of the record that the appellant is, in fact, a prominent citizen and a public figure of considerable note. However, the complaint by its own language and attachments, puts the appellant very much in the public eye by describing him as a "civic minded and political figure." Further, attached to it is the offending editorial which describes the appellant as President of the Sunshine Democratic Club, an organization engaged in helping local politicians to get elected. Also attached is the appellant's own considerable list of public service and public works engaged in by the organization of which he is the President.
We, therefore, hold that it is established within the four corners of the complaint, that the appellant is a public figure which in turn requires the result to be controlled by the United States Supreme Court case of Gertz v. Robert Welch, Inc., 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974).
In Gertz, the court extended the New York Times test[1] to cover those persons who are "... involved in the resolution of important public questions or, by reason of their fame, shape events in areas of concern to society" and specifically went on to hold that such a public figure cannot recover damages for defamatory falsehood unless he proves that the falsehood was uttered with "actual malice." The court then defined actual malice as requiring actual knowledge that the statement is false or with reckless disregard of whether it is true or false. Since such actual knowledge or reckless disregard must be proved, it follows that one or both must also be specifically alleged. Examination of the complaint before us reveals no such allegations except for the lone statement that the publication was "malicious." This is clearly *373 insufficient under the law of Gertz which mandates our adherence.
AFFIRMED.
GLICKSTEIN and HURLEY, JJ., concur.
NOTES
[1] New York Times v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964).