541 So.2d 650 (1989)
Charles C. CHIDIAC, Appellant,
v.
CADILLAC GAGE COMPANY, Textron, Inc., and Mahmoud Mohammed Fustok, Appellees.
Nos. 88-864, 88-1758.
District Court of Appeal of Florida, Third District.
February 14, 1989.
Rehearing Denied May 8, 1989.
Long, Aldridge & Norman and F.T. Davis, Jr., Atlanta, Ga., Kimbrell & Hamann and W. Sam Holland and Andrew H. Bate, Miami, for appellant.
Steel, Hector, Davis, Burns & Middleton and Patricia E. Lowry, Frates, Bienstock & Sheehe and Terry Bienstock, Miami, for appellees.
Before HUBBART, FERGUSON and LEVY, JJ.
PER CURIAM.
Charles C. Chidiac appeals a final summary judgment in favor of Mahmoud Mohammed Fustok and Cadillac Gage Company [CGC] on Chidiac's cause of action for commissions arising from sales of military vehicles to the Saudi Arabian National Guard [SANG].
In 1972, Chidiac and Fustok each entered into a written agency agreement with CGC in connection with the sale of military equipment to SANG. The agreement, providing for the division of commissions, was limited to a 6 month period beginning in September 1972 and terminating in the spring of 1973. Automatic extensions to five years were to occur only in the event of an actual sale during the six month period. No sales were made during the six month period, and while Fustok's agency agreement was subsequently renewed in writing, Chidiac's agency agreement was neither renewed nor extended.
Eventually, in 1974, CGC consummated several contracts with SANG for the sales of vehicles. Chidiac does not dispute that he learned of the sales in October of 1974. However, Chidiac argues that the reason he did not file his cause of action for commissions until March of 1982 was because Fustok and CGC concealed the fact that commissions had actually been paid.
It is fundamental that "mere ignorance of the existence of the cause of action without more will not postpone the operation of the statute of limitations." Dovenmuehle, Inc. v. Lawyers Title Ins. Corp., 478 So.2d 423, 424-25 (Fla. 4th DCA 1985). See also Hawkins v. Washington Shores Sav. Bank, 509 So.2d 1314 (Fla. 5th DCA 1987) (statute of limitations runs at time action should have been discovered through exercise of reasonable care); Houston v. Florida-Georgia Television Co., Inc., 192 So.2d 540 (Fla. 1st DCA 1966) (statute of limitations in invasion of privacy action *651 runs from time invasion was committed, not time when plaintiff first learned of invasion; mere ignorance of facts does not postpone operation of statute).
Here, Chidiac had actual notice in 1974 of the facts which formed the basis of his claim against CGC and Fustok. Therefore, the statute of limitations began to run as of that time, and clearly bars Chidiac's cause of action brought seven years later. Accordingly, the summary judgment in favor of Fustok and CGC was properly entered.
Affirmed.