PER CURIAM.
This is an appeal of the trial court order dismissing appellant’s second amended complaint against defendant Matthew Kaskel in a wrongful death action. The complaint alleged that Kaskel was a fellow employee of the decedent and that negligent actions or omissions of Kaskel caused the demise of decedent, who was fatally injured during the course of his employment. The trial court dismissed the second amended complaint with leave to amend, but the plaintiff elected to stand on the complaint as written. We entirely agree with the trial judge that the second amended complaint does not allege facts sufficient to show gross negligence within the meaning of section 440.11(1), Florida Statutes (1985) as construed in Streeter v. Sullivan, 509 So.2d 268 (Fla.1987).[1]
Affirmed.

. We reject appellees’ alternative contention that the 1988 amendment to section 440.11(1) has application to this 1985 accident. Chapter 88-284, Laws of Florida contains no provision for retroactivity, and absent such, is presumed to operate prospectively. See, e.g., American Motors Corp. v. Abrahantes, 474 So.2d 271, 274 (Fla. 3d DCA 1985).