PER CURIAM.
This is an appeal by the plaintiff Sami Behar from an adverse final judgment en *970 tered upon a directed verdict in an action for civil theft and related claims arising out of the alleged failure of the Flagship National Bank of Miami (now the defendant SunBank/Miami N.A.) to deposit $7,750,000 in cashier’s checks in a savings account controlled by the plaintiff at Flagship Bank. This is also an appeal from a summary judgment entered on a RICO claim arising out of the same transaction. We affirm based on a holding that (1) the un-contradicted evidence adduced at trial clearly establishes the defendant Sun-Bank’s predecessor, Flagship Bank, the defendant Carrie Perdomo, (Flagship’s employee), and the defendant Available Investments acted non-tortiously and otherwise without any criminal intent in this entire transaction, and, that, accordingly, the plaintiff failed to establish a prima facie case of civil theft and related claims against the defendants, thereby justifying a directed verdict for the defendants at trial on such claims, and (2) the trial court properly entered a summary judgment for the above defendants on the RICO claim as the uncontradicted evidence in the record shows no civil theft whatever was committed by these defendants.
The undisputed evidence shows that the cashier’s checks in question came from a Panamanian bank, but were not wire transferred to Flagship Bank in accord with usual commercial practice. Instead, the plaintiff directed that the Panamanian Bank's agent in Miami prepare and deliver the checks in question to the Flagship Bank, debiting an account controlled by the plaintiff at the Panamanian bank in payment thereof. Although the plaintiff claims that the checks, which were made payable to Flagship, should have been deposited in a savings account which he controlled at Flagship, the evidence is uncon-tradicted that no such deposit instructions were ever given to Flagship; indeed, the plaintiff presented no direct evidence that he ever caused the subject checks to be delivered to Flagship. To the contrary, the evidence shows that the defendant Available Investments, Inc., a currency exchange company, purchased the checks in good faith from one Victor Sasson, a business acquaintance of the plaintiff; that Available telephoned Flagship’s employee Carrie Perdomo with instructions to deposit the checks in Available and Sasson’s accounts at Flagship, and that Perdomo did precisely as she was instructed when the checks were delivered by Sasson’s agent. Given this uncontradicted factual showing, it is plain that none of the plaintiff’s claims against the defendants were viable — and, consequently, the trial court was entirely correct in disposing of same by directed verdict and summary judgment in the defendants’ favor. See Swilley v. Economy Cab Co. of Jacksonville, 56 So.2d 914 (Fla.1951); Tinwood, N V. v. Sun Banks, Inc., 570 So.2d 955, 958 (Fla. 5th DCA 1990). Beyond that, we conclude that the plaintiff's conversion, breach of fiduciary duty, negligent bailment, constructive fraud and conspiracy claims were time barred, in any event, by the applicable four-year statute of limitations. Chidiac v. Cadillac Gage Co., 541 So.2d 650 (Fla. 3d DCA), rev. denied, 551 So.2d 460 (Fla.1989); § 95.11(3), Fla.Stat. (1989).
The plaintiff contends that Perdo-mo’s testimony of how the checks arrived at, and were disposed of by, Flagship should not have been accepted as true by the trial court on either the defendant’s directed verdict or summary judgment motions, as such testimony could have reasonably been rejected by the jury. We cannot agree. The plaintiff concedes that he gave Flagship no instructions whatever as to how to deposit the checks in question; Per-domo’s testimony that the checks came through Available, not the plaintiff, seems therefore perfectly plausible under the circumstances, and, indeed, is uncontradicted by any evidence in this record. The plaintiff called Perdomo as an adverse witness and is bound by Perdomo’s uncontradicted testimony.[1] Gordon v. Sutherland, 131 *971 So.2d 520 (Fla. 3d DCA), cert. denied, 135 So.2d 742 (Fla.1961); Florida Power Corp. v. Smith, 202 So.2d 872 (Fla. 2d DCA 1967).
Given the disposition of the main appeal, the cross appeal is moot.
Affirmed.

. We agree with the plaintiff that one aspect of Perdomo’s testimony was called into question. Employees of the Panamanian bank’s agent in Miami denied or could not recall a conversation which Perdomo said she had with them, confirming the transaction. This testimony, how *971 ever, does not dispute Perdomo’s testimony on the rest of the transaction in question; moreover, whether Perdomo confirmed with the Panamanian’s bank’s agent or not was not vital to her testimony of the balance of the transaction.