702 So.2d 555 (1997)
Margaret ROBERTSON and William Robertson, Appellants,
v.
PHF LIFE INSURANCE COMPANY, Appellee.
No. 97-150.
District Court of Appeal of Florida, First District.
November 14, 1997.
Rehearing Denied December 16, 1997.
James F. McKenzie of McKenzie & Soloway, P.A., Pensacola, for Appellants.
Paul A. Zeigler, Lisa D. Stream, and Daniel C. Brown of Katz, Kutter, Haigler, Alderman, Marks, Bryant & Yon, P.A., Tallahassee, for Appellee.
Thomas M. Byrne and Thomas W. Curvin of Sutherland, Asbill & Brennan, L.L.P., Atlanta, GA; Pamela A. Moore of Carr, Alford, Clausen & McDonald L.L.C., Mobile, AL; Robert P. Gaines of Beggs & Lane, Pensacola; and Phillip E. Stano of the American Council of Life Insurance, Washington, DC, for Amici Curiae Consumer Credit Insurance Association and American Council of Life Insurance.
BOOTH, Judge.
This cause is before us on appeal from an order dismissing Appellants' complaints with prejudice. Appellants raise two issues: (1) whether the trial court erred in finding no conflict between sections 627.679(1)(a) and *556 627.553(3), Florida Statutes (1995), and (2) whether the trial court erred in dismissing Appellants' fraud and misrepresentation claims with prejudice. We affirm as to both issues raised.
First, we conclude that sections 627.679(1)(a) and 627.553(3), Florida Statutes, do not conflict, and do allow for the sale of "total of payments" credit life insurance, or the sale of coverage which exceeds the principal balance of a loan. We note that the Department of Insurance, which is charged with the duty of regulating the insurance industry pursuant to the Florida Insurance Code, has developed regulations which contemplate that credit life insurance coverage may exceed the amount of the unpaid principal balance on a loan, and may include coverage for unearned interest and finance charges. See Fla. Admin. Code R. 4-163.008(3)(c) (1995). Therefore, we affirm the trial court's order, finding that Florida law allows for the sale of "total of payments" credit life insurance.
Finding that Florida law allows for the sale of credit life insurance which exceeds the principal amount of a loan, the trial court dismissed Appellants' claims of fraud and misrepresentation with prejudice. We find no error in the trial court's dismissal of the remaining claims. Florida Rule of Civil Procedure 1.120(b) requires that allegations of fraud be pled with specificity. Appellants' complaint fails to specifically identify misrepresentations or omissions of fact, the time, place or manner in which they were made, and how the representations were false or misleading. See Myers v. Myers, 652 So.2d 1214, 1215 (Fla. 5th DCA 1995). Of significant importance, the dismissed complaint was the second amended complaint; that is, Appellants had the opportunity to cure the specificity defects on three separate occasions. Accordingly, we affirm the trial court's order dismissing the second amended complaint with prejudice.
AFFIRMED.
JOANOS and WOLF, JJ., concur.