918 So.2d 357 (2005)
Lavetta WHITE and Frank White, her husband, Appellants,
v.
WAL-MART STORES, INC., a corporation and Mike Gregg, Appellees.
No. 1D05-982.
District Court of Appeal of Florida, First District.
December 14, 2005.
Rehearing Denied January 19, 2006.
Tyrie A. Boyer of Boyer, Tanzler & Sussman, P.A., Jacksonville, for Appellants.
John C. Taylor, Jr., and Rhonda B. Boggess of Taylor, Day & Currie, Jacksonville, for Appellees.
WEBSTER, J.
Appellants seek review of a final order dismissing with prejudice their claims against appellee Mike Gregg, the manager of a Wal-Mart Store. Because we conclude that the third amended complaint stated causes of action against Gregg, we reverse.
In their three-count third amended complaint, appellants alleged that appellant Lavetta White was injured in a slip and *358 fall at a Wal-Mart Store. Count I alleged negligence on the part of appellee Wal-Mart Stores, Inc.; Count II alleged negligence on the part of appellee Gregg, the manager of the Wal-Mart store in which Ms. White fell; and Count III alleged a loss of consortium by appellant Frank White as the result of appellees' negligence. Accepting appellee Gregg's argument that, as a matter of law, he owed no duty to appellants, the trial court dismissed with prejudice Count II and the allegations of Count III of the third amended complaint relating to Gregg. This appeal follows. Because we are presented with a pure question of law, our standard of review is de novo. E.g., Hernandez v. Tallahassee Med. Ctr., Inc., 896 So.2d 839, 841 (Fla. 1st DCA 2005) ("We evaluate an order dismissing a complaint for failure to state a cause of action by the de novo standard.").
The law is clear to the effect that officers or agents of corporations may be individually liable in tort if they commit or participate in a tort, even if their acts are within the course and scope of their employment. E.g., McElveen v. Peeler, 544 So.2d 270, 271-72 (Fla. 1st DCA 1989); White-Wilson Med. Ctr. v. Dayta Consultants, Inc., 486 So.2d 659, 661 (Fla. 1st DCA 1986). However, to establish liability, the complaining party must allege and prove that the officer or agent owed a duty to the complaining party, and that the duty was breached through personal (as opposed to technical or vicarious) fault. McElveen, 544 So.2d at 272. Gregg correctly argues that an officer or agent may not be held personally liable "simply because of his general administrative responsibility for performance of some function of his [or her] employment"  he or she must be actively negligent. Id. However, contrary to Gregg's argument, the third amended complaint alleges more than mere technical or vicarious fault  it alleges that Gregg was directly responsible for carrying out certain responsibilities; that he negligently failed to do so; and that, as a result, Ms. White was injured. Such allegations are legally sufficient to withstand a motion to dismiss for failure to state a cause of action. The legislature has recently addressed this area of the law, adopting section 768.0710, Florida Statutes, which is titled "Burden of proof in claims of negligence involving transitory foreign objects or substances against persons or entities in possession or control of business premises." Ch. 2002-285, at 2125-26, Laws of Fla. However, the allegations relating to Gregg are also legally sufficient to satisfy the requirements of that statute.
It was error to dismiss the claims against Gregg. Accordingly, we reverse, and remand for further proceedings consistent with this opinion.
REVERSED and REMANDED, with directions.
PADOVANO and LEWIS, JJ., concur.