949 So.2d 1101 (2007)
MIAMI-DADE COUNTY, Petitioner,
v.
Manuel FENTE and Maria E. Fente, his wife, Respondents.
No. 3D06-2111.
District Court of Appeal of Florida, Third District.
February 7, 2007.
Rehearing Denied March 21, 2007.
*1102 Murray A. Greenberg, Miami-Dade County Attorney and Craig E. Leen, Assistant County Attorney, for petitioner.
Robert Rossano, Miami, for respondents.
Before WELLS, and CORTIÑAS, JJ., and SCHWARTZ, Senior Judge.
WELLS, Judge.
In this petition for writ of certiorari, Miami-Dade County seeks to quash an order denying its motion to dismiss Manuel and Maria Fente's negligence action on sovereign immunity grounds. See Dept. of Health & Rehab. Servs. v. Miller, 413 So.2d 96, 96 (Fla. 1st DCA 1982) (confirming that interlocutory orders determining application of the doctrine of sovereign immunity are, where appropriate, subject to certiorari to review). We grant the petition.
According to the Fentes' amended complaint, at approximately 1:32 p.m. on October 21, 2004, the burglar alarm system at their home was triggered while they were away. The alarm was reported to the Miami-Dade police department by a private monitoring company, and a police officer was dispatched. The officer arrived at the Fentes' home at 1:39 p.m., only seven *1103 minutes after the alarm was triggered, but failed to notice that a glass door at the rear of the house had been broken and that an exterior alarm box had been tampered with. Although the monitoring company reported that it detected motion inside the home until 1:47 p.m., eight minutes after the officer arrived, the officer "cleared" the scene, placing a "false alarm" tag on the front door, and left, allegedly with the burglar (or burglars) still inside.
The Fentes' single count complaint seeks damages from the County stemming from the burglary claiming that the County "by and through the actions of its officer, is guilty of misfeasance in carrying out the operational duty owed to the Plaintiffs in following the pre-existing County burglary response policy in a reasonable fashion . . . commensurate with the duty that would be owed by a private person to the Plaintiffs under the same circumstances." According to the Fentes, the officer's negligent investigation: (1) "created a broader zone of risk" to both them and their son, who arrived home from school after the burglars had left, and to their property, by affording the burglars "unlimited access" to their home; and (2) directly and proximately caused their loss of personal property valued at $150,000 and damage to the interior of their home.
The County moved to dismiss claiming that it owed no duty of care to the Fentes and that it was immune from suit under the doctrine of sovereign immunity. The motion was denied.
"Generally speaking, the state and its subdivisions, including municipalities and counties, are sovereignly immune from tort liability unless such immunity is expressly waived by statute." Seguine v. City of Miami, 627 So.2d 14, 16 (Fla. 3d DCA 1993); Art. X, § 13, Fla. Const. That immunity has been waived in section 768.28 of the Florida Statutes, which expressly authorizes tort actions caused by the negligent act or omission of government employees "under circumstances in which the [government entity], if a private person, would be liable to the claimant, in accordance with the general laws of this state . . . ." § 768.28, Fla. Stat. (2006); Seguine, 627 So.2d at 16.
There are, however, two recognized exceptions to this waiver of tort immunity: the public duty doctrine exception and the discretionary function exception. See Seguine, 627 So.2d at 16. Where either exception applies, the governmental entity remains immune from tort liability. Kaisner v. Kolb, 543 So.2d 732, 734 (Fla.1989) (confirming that a court must "find no liability as a matter of law if either (a) no duty of care existed [under the public duty doctrine exception], or (b) the doctrine of governmental immunity [the discretionary function exception] bars the claim"); Seguine, 627 So.2d at 17. In this case, both exceptions apply.

The Public Duty Doctrine Exception
The public duty doctrine exception to the statutory waiver of sovereign immunity recognizes that "there can be no governmental liability unless a common law or statutory duty of care exist[s] that would have been applicable to an individual under similar circumstances." Kaisner, 543 So.2d at 734; see Pollock v. Fla. Dep't of Highway Patrol, 882 So.2d 928, 932 (Fla.2004). A plaintiff suing a governmental entity in tort must, therefore, allege and prove that the governmental entity owed a duty of care to the plaintiff individually rather than to the public in general. Seguine, 627 So.2d at 17. Responding to reports of and investigating criminal activity are duties that law enforcement (or a governmental entity) owes to the public as a whole, not to individuals. See Trianon Park Condo. Ass'n v. Hialeah, 468 So.2d *1104 912, 919 (Fla.1985) (confirming that there has never been a common law duty of care with respect to enforcement of laws and protection of the public safety). As the Florida Supreme Court has confirmed, "[t]he responsibility to enforce the laws for the good of the public cannot engender a duty to act with care toward any one individual, unless an official assumes a special duty with regard to that person." Pollock, 882 So.2d at 935.
A special tort duty with regard to an individual does not arise absent actions by a law enforcement officer which directly places an individual within a "zone of risk." As the Florida Supreme Court noted in Pollock, "[t]he premise underlying this theory is that a police officer's decision to assume control over a particular situation or individual or group of individuals is accompanied by a corresponding duty to exercise reasonable care." Id. Thus, for example, a motorist detained by the police is owed a common law duty of care by the officers who deprived that individual of the opportunity of protecting himself. Kaisner, 543 So.2d at 734 (finding that "[s]o long as petitioner was placed in some sort of `custody' or detention, he is owed a common law duty of care"); see Sams v. Oelrich, 717 So.2d 1044, 1047 (Fla. 1st DCA 1998) (officers who took a prisoner in their custody to a hospital emergency room owed a special duty of care to others in the hospital who were injured by the prisoner when he attempted to escape). Similarly, a police officer who asserts control over an accident scene or event owes a duty of care to those individuals exposed to harm as a consequence. See, e.g., Dep't of Highway Safety & Motor Vehicles v. Kropff, 491 So.2d 1252, 1255-56 (Fla. 3d DCA 1986) (officer who takes control of an accident scene owes a special duty of care to those injured as a consequence of the officer's negligent control of the scene); see also Brown v. Miami-Dade County, 837 So.2d 414, 418 (Fla. 3d DCA 2001) (officer owed a duty to a startled bystander injured when the officer pointed a gun at the bystander and ordered him to "freeze" during a sting operation in a hotel).
The negligent failure to detect, deter, or prevent criminal activity will not, however, subject a governmental entity to liability for injuries which follow such neglect. See Seguine, 627 So.2d at 17 (stating that "a governmental entity cannot be held liable for an allegedly negligent failure to arrest a person who subsequently injures another"). This is so because "the courts have primarily taken the view that the fundamental police function in enforcing the criminal law would be unduly hampered if law enforcement decisions were generally subject to after-the-fact judicial review through private tort litigation; also, the courts have been concerned in this area with protecting governmental entities against the excessive fiscal impact which would necessarily ensue if police decisions of this nature were generally subject to tort liability." Id. Thus, in Everton v. Willard, 468 So.2d 936, 938 (Fla.1985), the court found no special duty (and thus no liability) owing to the victim of a head on collision caused by an obviously drunk driver who had been stopped by a police officer but allowed to go on his way after a traffic citation was issued. Similarly, in Smith v. City of Plantation, 19 F.Supp.2d 1323, 1332 (S.D.Fla.1998), the court found that the police owed no special duty to an individual who called for help when her former boyfriend arrived at her home with gasoline, a lighter and a machete; took her children hostage; and threatened to kill her and her children, stating "[a]bsent a special relationship [to the person who called for help], Florida law does not place liability on an officer who in the course of *1105 performing his job attempts but fails to rescue a person from a danger caused by a third party."
In this case, the officer neither took control of an individual nor of a situation or an event so as to place any individual within a "zone of risk." Rather, he allegedly failed in his duty to detect and to deter criminal activity, a duty which he owed to the public at large and to no single individual. See City of Pinellas Park v. Brown, 604 So.2d 1222, 1227 n. 8 (citing Everton, and finding that "[a]ny danger a suspect poses to the public solely on his or her own cannot be imputed to the police who earlier have failed to make an arrest"). And here, unlike the circumstances in Henderson v. Bowden, 737 So.2d 532, 537 (Fla.1999), on which the court below relied in denying the motion to dismiss, the officer did nothing to create a danger that, but for his actions, "would not have otherwise existed."[1]
Because the public duty exception to section 768.28 applies to this case, the motion to dismiss should have been granted.

Discretionary Duty
Although we need not address the discretionary duty exception, see Pollock, 882 So.2d at 932 (finding that "[i]f no duty of care is owed with respect to the alleged negligent conduct, then there is no governmental liability, and the question of whether the sovereign should be immune from suit need not be reached"), we note that the Fentes' argument that the officer's failure to comply with the County's burglary response procedures will not support a claim against the County. In Trianon, the Florida Supreme Court considered whether the City of Hialeah could be held responsible for roof damage to condominium units caused by roof leakage and building defects where the city's building inspectors failed to properly enforce the city's building code. To that end, the condominium association argued that once the city decided to inspect the building pursuant to its building code, the act of performing the inspection was an operational level activity rather than a discretionary one, which subjected the city to tort liability under section 768.28, Florida Statutes. Trianon, 468 So.2d at 915. The Florida Supreme Court disagreed, noting that "[h]ow a governmental entity, through its officials and employees, exercises its discretionary power to enforce compliance with the laws duly enacted by a governmental body is a matter of governance, for which there never has been a common law duty of care." Id. at 919. Quite simply, the Trianon court rejected the same planning-operational argument raised by the Fentes here. See also Everton, 468 So.2d at 938 (confirming that a police officer exercises "discretionary judgmental power" when deciding whether to make an arrest and enforce the law).
Accordingly, we grant the County's petition for writ of certiorari, quash the order denying the motion to dismiss, and remand for entry of an order granting the motion to dismiss with prejudice.
NOTES
[1] In Henderson, an officer, after effectuating a DUI arrest, directed a passenger who also was drunk to drive to a designated location thereby creating a "zone of risk" for others in the car. Henderson, 737 So.2d at 536.