990 So.2d 1157 (2008)
BLUE SUPPLY CORP., Appellant,
v.
NOVOS ELECTRO MECHANICAL, INC., a Florida Corporation, and Carlos Novos, individually, Appellees.
No. 3D07-1585.
District Court of Appeal of Florida, Third District.
September 10, 2008.
Betancourt Mena & Associates and Arlenys Casanova and Luis A. Mena, Miami, for appellant.
Rosenthal Rosenthal Rasco and Eduardo I. Rasco and Marin S. Shabsels, for appellees.
Before COPE, WELLS and LAGOA, JJ.
WELLS, Judge.
Blue Supply Corporation appeals from an order dismissing its claims of fraud and fraud in the inducement against defendant, *1158 Carlos Novos, individually. As was the case in Bianco v. Palm Beach Newspapers, Inc., 381 So.2d 371, 372 (Fla. 4th DCA 1980), "[t]he original dismissal of this complaint was not with prejudice and it could have been amended. Instead, the attorney for the appellant elected to stand on the complaint as written." This leaves us with "no choice but to consider it [the complaint] as presented to the trial court." Id. at 372. Because we agree with the trial court's conclusion that Blue Supply's claims fail to state a cause of action against Carlos Novos, individually, we affirm.
This action arises from the breach of a one-page agreement between Novos Electro Mechanical, Inc. and Blue Supply for replacement of a cooling tower at a local condominium. This agreement states that Novos Electro Mechanical is an air conditioning company licensed by both the State of Florida and the City of Miami Beach and that it will obtain structural specifications and building permits necessary for, and provide the labor and materials necessary for, replacing an existing cooling tower at a Miami Beach condominium. According to Blue Supply, Novos Electro Mechanical was not properly licensed as agreed and failed to obtain the necessary permits, resulting in damages to Blue Supply when it was cited for a building code violation and had to hire someone else to obtain the necessary permits and finish the job.
In August 2006, Blue Supply filed its first complaint in this action. That complaint raised claims against Novos Electro Mechanical for breach of contract, fraud, and fraud in the inducement. That complaint, and the two amended complaints which followed, additionally alleged claims of fraud and fraud in the inducement against Carlos Novos, President of Novos Electro Mechanical, individually, stating that Carlos Novos was a party to the Novos Electro Mechanical/Blue Supply contract. While the claims of fraud and breach of contract against Novos Electro Mechanical remain pending, the trial court dismissed the claims against Carlos Novos. At that point, Blue Supply decided to stand on its pleadings rather than to amend, and filed the instant appeal.
Our review of the instant dismissal order is de novo, and we must confine our review to the four corners of the complaint. See Morin v. Fla. Power & Light Co., 963 So.2d 258, 260 (Fla. 3d DCA 2007) (confirming that the standard of review for an order of dismissal for failure to state a cause of action is de novo (citing BellSouth Telecomms., Inc. v. Meeks, 863 So.2d 287, 289 (Fla.2003))); Rivera v. Torfino Enters., Inc., 914 So.2d 1087, 1088 (Fla. 4th DCA 2005); Roos v. Morrison, 913 So.2d 59, 63 (Fla. 1st DCA 2005), review dismissed, 944 So.2d 341 (Fla.2006); Biscayne Inv. Group, Ltd. v. Guar. Mgmt. Servs., Inc., 903 So.2d 251, 253 (Fla. 3d DCA 2005) ("On appeal, this court must determine de novo whether the complaint alleges sufficient ultimate facts that would entitle the plaintiff to relief."); Susan Fixel, Inc. v. Rosenthal & Rosenthal, Inc., 842 So.2d 204, 206 (Fla. 3d DCA 2003); Lewis v. Barnett Bank of South Florida, N.A., 604 So.2d 937, 938 (Fla. 3d DCA 1992) ("On a motion to dismiss, the trial court is necessarily confined to the well-pled facts alleged in the four corners of the complaint." (citing Pizzi v. Cent. Bank & Trust Co., 250 So.2d 895, 897 (Fla.1971))); Parkway Gen. Hosp., Inc. v. Allstate Ins. Co., 393 So.2d 1171, 1172 (Fla. 3d DCA 1981); Kest v. Nathanson, 216 So.2d 233, 235 (Fla. 4th DCA 1968); Corbett v. E. Air Lines, Inc., 166 So.2d 196, 203 (Fla. 1st DCA 1964); Carter v. Nat'l Auto. Ins. Co., 134 So.2d 864, 865 (Fla. 1st DCA 1961); Stone v. Stone, 97 So.2d 352, 354 (Fla. 3d DCA 1957).
*1159 "It is the established rule that, upon a motion to dismiss a complaint for failure to state a cause of action, all material allegations of the complaint are taken as true.... Those allegations are then reviewed in light of the applicable substantive law to determine the existence of a cause of action." Peeler v. Indep. Life & Acc. Ins. Co., 206 So.2d 34, 36 (Fla. 3d DCA 1967) (citations omitted).
Here, both the fraud and fraud in the inducement claims against Carlos Novos, individually, rested on the allegation that:
On or about May 16, 2006, the Defendant Carlos Novos, entered into a Contract with the Plaintiff whereby he claimed to be licensed in the State of Florida, as well as the City of Miami Beach. He also claimed to have workmen's compensation and liability insurance.
However, the contract attached to the complaint as well as the concession of Blue Supply's counsel at oral argument establish that Carlos Novos was not a party to the Blue Supply/Novos Electro Mechanical contract. Because of this inconsistency, any claims against Novos, individually, predicated on the existence of a contract between Carlos Novos and Blue Supply must be viewed as properly dismissed. See Harry Pepper & Assocs., Inc. v. Lasseter, 247 So.2d 736, 736 (Fla. 3d DCA 1971) ("`Any exhibit attached to a pleading shall be considered a part thereof for all purposes'. Rule 1.130(b), R.C.P., 30 F.S.A. In considering the motion to dismiss the trial court was required to consider the exhibit (deposition) attached to and incorporated in the amended complaint."); see also Hunt Ridge at Tall Pines, Inc. v. Hall, 766 So.2d 399, 401 (Fla. 2d DCA 2000) ("Where complaint allegations are contradicted by exhibits attached to the complaint, the plain meaning of the exhibits control and may be the basis for a motion to dismiss."); Ginsberg v. Lennar Fla. Holdings, Inc., 645 So.2d 490, 494 (Fla. 3d DCA 1994) ("When a party attaches exhibits to the complaint those exhibits become part of the pleading and the court will review those exhibits accordingly.").
While there may have been another legal theory under which Blue Supply arguably might have proceeded had the proper allegations been made in these or other counts of the complaint, that was not done in the instant case.[1]See Fla. Specialty, Inc. v. H 2 Ology, Inc., 742 So.2d 523, 527 (Fla. 1st DCA 1999) ("Individual officers and agents of a corporation are personally liable where they have committed a tort even if such acts are performed within the scope of their employment or as corporate officers or agents."); Adams v. Brickell Townhouse, Inc., 388 So.2d 1279 (Fla. 3d DCA 1980); see also Vesta Constr. & Design, L.L.C. v. Lotspeich & Assocs., Inc., 974 So.2d 1176, 1180 (Fla. 5th DCA 2008) (observing that "officers or agents of corporations may be individually liable in tort if they commit or participate in a tort, even if their acts are within the course and scope of their employment" (quoting White v. Wal-Mart Stores, Inc., 918 So.2d 357, 358 (Fla. 1st DCA 2005))).
The instant complaint, instead of alleging with particularity the factual basis for the claims at issue, muddied the waters with a blatantly faulty allegation.[2]See *1160 Thompson v. Bank of N.Y., 862 So.2d 768, 769 (Fla. 4th DCA 2003) (concluding that debtor's allegations of fraud were not pled with sufficient particularity, and thus, debtor was not entitled to amend his answer in foreclosure action, to assert the affirmative defense of fraud; the allegations were conclusory in their content and lacking in any real allegations of ultimate fact showing fraud on the part of creditor); Hembd v. Dauria, 859 So.2d 1238, 1240 (Fla. 4th DCA 2003) (fraud must not be "flung into [a] case willy-nilly" by stating "legal conclusions"); Robertson v. PHF Life Ins. Co., 702 So.2d 555, 556 (Fla. 1st DCA 1997) (finding that "allegations of fraud [were not] pled with specificity [and]... complaint fails to specifically identify misrepresentations or omissions of fact, the time, place or manner in which they were made, and how the representations were false and misleading"); Daugharty v. Daugharty, 456 So.2d 1271, 1274 (Fla. 1st DCA 1984) ("It is axiomatic that the facts and circumstances constituting an alleged fraud must be pled with specificity and particularity, even in ordinary civil actions to recover damages.").
Thus, Counts III and IV, the only counts seeking recovery against Carlos Novos, individually, alleged that Blue Supply entered into a contract with Carlos Novos, individually, in reliance on Carlos Novos' knowingly false representations that "he" was licensed by the state and the City of Miami Beach and on unspecified "allegations ... that the company was properly licensed." These counts were nothing more than an attempt to join Carlos Novos individually by claiming that he is a direct party to the contract rather than by claiming that he was responsible for his own tortious conduct even though acting in the scope of his employment as an officer or agent of his company.
*1161 Because these counts fail to allege sufficient facts entitling Blue Supply to relief on a claim for fraud or fraud in the inducement, and because Blue Supply refused to further amend, the action was properly dismissed. See Pagan v. Kaskel, 548 So.2d 842, 843 (Fla. 3d DCA 1989) (observing "[t]he trial court dismissed the second amended complaint with leave to amend, but the plaintiff elected to stand on the complaint as written. We entirely agree with the trial judge that the second amended complaint does not allege facts sufficient to show gross negligence"); Bianco, 381 So.2d at 373 (affirming dismissal where complaint on which plaintiff chose to proceed was insufficient to establish cause of action for libel).
Accordingly, the order on appeal is affirmed.
LAGOA, J., concurs.
COPE, J., dissenting.
I respectfully dissent. We should reverse the dismissal order.
Count IV of the second amended complaint is the claim for fraud in the inducement. Since the plaintiff has conceded that defendant Carlos Novos is not a party to the contract,[*] we must disregard that part of Count IV which alleges that Mr. Novos is a contracting party.
After disregarding that allegation, Count IV states:
38. The Plaintiff entered into the contract reasonably relying on the allegations, specifically that the company was properly licensed, made by the Defendant, Carlos Novos in his individual capacity.
39. After entering into the agreement, Plaintiff later learned that Carlos Novos' State of Florida license and his City of Miami Beach license had been revoked.
40. Defendant, Carlos Novos, knew or should have known that his representations regarding the status of his licenses were false when made.
41. Plaintiff would not have entered into a contract with anyone not properly licensed by the State of Florida and City of Miami Beach.
The plaintiff goes on to explain that the City of Miami Beach issued a notice of violation and "the Plaintiff was forced to hire a certified contractor to obtain the necessary permits and supervise the project at an additional cost to Plaintiff."
In ruling on a motion to dismiss, the court must construe the allegations in the light most favorable to the plaintiff as the non-moving party. See Marshall v. Amerisys, Inc., 943 So.2d 276, 278 (Fla. 3d DCA 2006).
It has been held that:
To state a cause of action for fraud in the inducement, the Plaintiff must allege (a) a misrepresentation of a material fact; (b) that the representor of the misrepresentation knew or should have known of the statement's falsity; (c) that the representor intended that the representation would induce another to rely and act on it; and (d) that the plaintiff suffered injury in justifiable reliance on the representation
Samuels v. King Motor Co. of Ft. Lauderdale, 782 So.2d 489, 497 (Fla. 4th DCA 2001).
In this case all of the elements have been alleged except for (c), "that the representor *1162 intended that the representation would induce another [the plaintiff] to rely and act on it[.]" Id. But the defendant has not complained that allegation (c) is missing, electing instead to argue other issues.
Because of Florida's longstanding policy that controversies should be decided on the merits where possible, we should reverse the dismissal of count IV and remand for further proceedings, with the proviso that the plaintiff must amend to supply the omitted allegation (c).
NOTES
[1] It appears that Carlos Novos might have been properly added, with some additional amendment, to the fraud in the inducement count against Novos Electro Mechanical.
[2] Because Carlos Novos is not a party to the contract at issue, we need not decide the thorny question of whether the economic loss rule would preclude recovery against him for breach of contract and for fraud and fraud in the inducement. See Indem. Ins. Co. v. Am. Aviation Inc., 891 So.2d 532, 537 (Fla.2004) ("Fraudulent inducement is an independent tort in that it requires proof of facts separate and distinct from the breach of contract."); Taylor v. Maness, 941 So.2d 559, 564 (Fla. 3d DCA 2006) (observing that "a fraud in the inducement claim is not barred by the economic loss rule so long as the claim is based on conduct that is separate and distinct from the conduct constituting the breach of contract"); Hotels of Key Largo, Inc. v. RHI Hotels, Inc., 694 So.2d 74, 77 (Fla. 3d DCA 1997) (observing that "where the only alleged misrepresentation concerns the heart of the parties' agreement, simply applying the label of `fraudulent inducement' to a cause of action will not suffice to subvert the sound policy rationales underlying the economic loss doctrine"); see also Ben-Yishay v. Mastercraft Dev., LLC, 553 F.Supp.2d 1360, 1370 (S.D.Fla. 2008) (observing that in 1996, the Florida Supreme Court held that a claim for fraudulent inducement is typically not barred by the economic loss rule because it requires proof of facts separate from a breach of contract claim, but since then courts have found that "`statements or misrepresentations made to induce an individual to enter a contract, if later contained within the terms of the actual contract, cannot constitute a basis on which to bring the fraud claim'" (citations omitted)); Flamenbaum v. Orient Lines, Inc., 2004 WL 1773207, *8 (S.D.Fla. July 20, 2004) ("Thus, it is only where the fraudulent inducement claims involve alleged misrepresentations that are later explicitly covered by unambiguous provisions in a written contract, that such tort claims are barred by the economic loss rule."); but see Allen v. Stephan Co., 784 So.2d 456, 457 (Fla. 4th DCA 2000) ("The law is well established that the economic loss rule does not bar tort actions based on fraudulent inducement and negligent misrepresentation. See Moransais v. Heathman, 744 So.2d 973 (Fla. 1999); PK Ventures, Inc. v. Raymond James & Assocs., Inc., 690 So.2d 1296 (Fla. 1997). If the fraud occurs in connection with misrepresentations, statements or omissions which cause the complaining party to enter into a transaction, then such fraud is fraud in the inducement and survives as an independent tort. However, where the fraud complained of relates to the performance of the contract, the economic loss doctrine will limit the parties to their contractual remedies.").
[*] Both parties now agree that the contracting parties are plaintiff Blue Supply Corp., and defendant Novos Electro Mechanical, Inc.