COPE, J.
 

 The defendants-petitioners, Cedars Healthcare Group, Ltd., Columbia Hospital Corporation of Central Miami, HCA Inc., and Michael Joseph (collectively “the hospital”) filed a petition for writ of certio-rari to review a non-final order denying their motion to dismiss the Second Amended Complaint on the ground that they are immune from suit under section 395.0193, Florida Statutes (2002).
 

 The petition challenges the denial of the motion to dismiss counts one, three, five, six and ten.
 
 [1]
 
 We conclude that the petition has merit as to counts one, three, five, and six.
 

 Chapter 395, Florida Statutes (2002), regulates hospital licensing. Section 395.0193, Florida Statutes, requires licensed facilities to “provide for peer review of physicians who deliver health care services at the facility.”
 
 Id.
 
 § 395.0193(2). The statute provides immunity from suit as follows:
 

 There shall be no monetary liability on the part of, and no cause of action for damages against, any licensed facility, its governing board or
 
 governing
 
 board members, peer review panel, medical staff, or disciplinary body, or its agents, investigators, witnesses, or employees; a committee of a hospital; or any other person, for any action taken without intentional fraud in carrying out the provisions of this section [395.0193],
 

 Id.
 
 § 395.0193(5).
 

 The plaintiffs-respondents are Sameer Mehta, M.D., and Cardiology Research Foundation. According to the Second Amended Complaint, Dr. Mehta is an in-terventional cardiologist, and the principal of Cardiology Research Foundation. The Second Amended Complaint alleges that Dr. Mehta was referred to the hospital peer review committee. The hospital suspended his hospital privileges and later reinstated them conditionally, allowing him to practice with supervision. He exhausted his administrative appeals within the hospital. Thereafter, the plaintiffs brought suit against the hospital. The plaintiffs alleged among other things, that there was intentional fraud by the defendants in the peer review process.
 

 
 *917
 
 The defendants claim that they are immune from suit pursuant to subsection 395.0193(5) because the allegations against them stem from the peer review process outlined in section 395.0193. They further argue that in order to overcome the subsection 395.0193(5) immunity, the plaintiffs were required to plead intentional fraud with particularity and that the plaintiffs have failed to do so.
 

 We agree with the defendants. Subsection 395.0193(5) offers immunity for “any action taken without intentional fraud in carrying out the provisions of this section [395.0193].”
 
 [2]
 
 To fall outside of the immunity provided by subsection 395.0193(5), plaintiffs were required to plead intentional fraud with particularity. “In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with such particularity as the circumstances permit.” Fla. R. Civ. P. 1.120(b). Plaintiffs failed to do so. While plaintiffs broadly alleged intentional fraud, they failed to plead fraud with particularity.
 

 Plaintiffs argue that their claim that defendants provided “incorrect and incomplete charts to the [peer review organization] regarding plaintiffs patients” complies with Rule 1.120. That is not so. This bare allegation is consistent with merely negligent conduct, does not identify what was omitted, and does not set forth facts amounting to fraud. The factual basis for a claim of fraud must be pled with particularity and must specifically identify misrepresentations or omissions of fact, as well as time, place or manner in which they were made.
 
 See Blue Supply Corp. v. Novos Electro Mech. Inc.,
 
 990 So.2d 1157, 1159-60 (Fla. 3d DCA 2008) (and cases cited therein). It is well settled that
 

 To satisfy the requirement of pleading fraud with particularity, an affirmative defense or claim must clearly and concisely set out the essential facts of the fraud, and not just legal conclusions. The elements of fraud are required to be alleged with sufficient particularity so that the trial judge, in reviewing the ultimate facts alleged, may rule as a matter of law whether or not the facts alleged are sufficient as the factual basis for the inferences the pleader seeks to draw....”
 

 40 Fla. Jur.2d
 
 Pleadings
 
 § 36 (2009) (footnote omitted);
 
 see also Blue Supply Corp.,
 
 990 So.2d at 1159-60. Plaintiffs’ allegations fall short of what is required to plead fraud.
 

 Therefore, as to counts one, three, five, and six, we quash the trial court’s order denying defendants’ motion to dismiss those counts. Plaintiffs shall be given one further opportunity to amend these counts to plead fraud with particularity as required by Rule 1.120.
 

 Ordinarily, of course, an order denying a motion to dismiss is not reviewable in this court. However, this case falls within an exception to the general rule. Since subsection 395.0193(5) provides for immunity from suit, the denial order can be reviewed by way of certiorari at this time.
 
 See Miami-Dade County v. Fente,
 
 949 So.2d 1101 (Fla. 3d DCA 2007) (granting a petition for certiorari seeking review of a denial of a motion to dismiss based on a claim of sovereign immunity).
 

 As to count 10, the allegations of defamation relate to a press release and do
 
 *918
 
 not on their face implicate the peer review process. That count falls outside the protection of subsection 395.0193(5). We therefore deny relief as to count 10.
 

 Accordingly, we grant the petition for writ of certiorari in part and quash the order denying the motion to dismiss counts one, three, five and six without prejudice to plaintiffs to file one further amendment to the complaint. We deny certiorari as to count ten, without prejudice to the defendant's to file a motion for summary judgment if later developments demonstrate a viable claim of immunity as to count ten.
 

 Certiorari granted in part and denied in part.
 

 [1]
 

 . The counts at issue are: count one for violation of section 395.0193, Florida Statutes; count three for breach of the hospital bylaws; count five for tortious interference; count six for intentional infliction of emotional distress; and count ten for defamation.
 

 [2]
 

 . At oral argument, the parties argued over whether intrinsic or extrinsic fraud was necessary for an exception to section 395.0193(5). That distinction has no bearing here as the statute does not address extrinsic or intrinsic fraud and instead calls for a showing of intentional fraud.