ROTHENBERG, J.
GLK and Emanuel Organek (collectively, “appellants”) appeal from the trial court’s order in favor of the Four Seasons Hotel and Terremark Brickell II (collectively, “appellees”) dismissing with prejudice appellants’ action for rescission and damages because the claim was barred by the statute of limitations. We affirm.

Facts

The facts, viewed in the light most favorable to appellants as the non-moving party, are as follows. Appellants closed on the purchase of seven condominium units in the Millennium Tower Condominium Hotel owned by appellees on July 23, 2004, for a total of $6,656,640. The hotel is part of a mixed-use development project and includes residential units above the hotel. Appellants allege that appellees knew they intended to use the units as rentals for investment purposes and would not be permanently residing in the units. Appellants also claim that appellees guaranteed a certain amount of rental income on the units.
Nearly four years later, on April 6, 2008, Organek read an article in The Wall Street Journal stating that the sale of the condominiums could be considered the sale of securities. Under the Florida Securities and Investor Protection Act, Chapter 517 of the Florida Statutes, the sellers of securities are required to register the purchase agreements, secure a permit or license to sell, and provide buyers with a prospectus. Appellants reviewed the documents appel-lees provided them during their 2004 transaction and found that they did not receive the registration documentation or the applicable exemption documentation required under Chapter 517, Florida Statutes. On September, 24, 2008, appellants filed a one-count complaint alleging that the purchased units qualify as securities and that the sale violated sections 517.07 and 517.12(1). Appellants filed an amended complaint on January 23, 2009, alleging when they discovered the facts giving rise to their cause of action. The trial court dismissed the amended complaint because the suit was time barred. This appeal followed.

Analysis

The standard of review from a trial court’s order dismissing a complaint with prejudice is de novo. Extraordinary Title Servs., LLC v. Fla. Power & Light Co., 1 So.3d 400 (Fla. 3d DCA 2009). A court may grant a motion to dismiss based on the statute of limitations “only in ex *637 traordinary circumstances where the facts constituting the defense affirmatively appear on the face of the complaint and establish conclusively that the statute of limitations bars the action as a matter of law....” Saltponds Condo. Ass’n v. McCoy, 972 So.2d 230, 231 (Fla. 3d DCA 2007).
In this appeal, we must determine whether the trial court erred by concluding, as a matter of law, that the statute of limitations barred appellants’ claim. Appellants contend that what constitutes a security is not easily recognizable and that their cause of action did not accrue until they knew or should have known that a violation of Chapter 517 occurred, which was on April 6, 2008, when Organek read the article and first learned that the purchase of the units may qualify as the purchase of securities, with certain requirements. We disagree.
Under section 95.11(4)(e), Florida Statutes, the limitations period for Chapter 517 violations is two years “running from the time the facts giving rise to the cause of action were discovered or should have been discovered with the exercise of due diligence.... ” The operation of the statute of limitations is not postponed where plaintiffs are in possession of all the facts necessary to determine whether they have a cause of action but are ignorant of the law on which their claim is based. Chidiac v. Cadillac Gage Co., 541 So.2d 650, 650-51 (Fla. 3d DCA 1989). The limitations period begins to run as soon as “a plaintiff has actual or constructive knowledge of only ‘the facts forming the basis of his cause of action’ and not that of the cause of action itself.” Becks v. Emery-Richardson, Inc., 1990 WL 303548, at *9 (S.D.Fla.1990) (citations omitted); see also Vigman v. Cmty. Nat’l Bank & Trust, 635 F.2d 455, 459 (5th Cir.1981) (specifically rejecting appellants’ contention that their causes of action began to run four years after a loan transaction took place when they learned from their lawyer that they might have a cause of action).
Appellants had the documents containing the necessary factual information to form the basis of their cause of action by the time of the July 23, 2004, transaction, according to allegations in appellants’ amended complaint. With the exercise of due diligence, appellants could have discovered the alleged securities violations at the time of the transaction and/or within the two-year statute of limitations. The fact that appellants did not review the documents until after reading The Wall Street Journal article in 2008 does not delay the accrual of their claim. Because appellants had actual notice in 2004 of the facts forming the basis of their claim, the statute began running at that time and bars the suit they brought four years later.
 Appellants also contend that because of “material misstatements and omissions,” they were unaware they were purchasing securities and that the delayed discovery rule should be applied to postpone the accrual of their cause of action. Although appellants broadly alleged concealment, they failed to plead fraud with particularity as required. Cedars Healthcare Group, Ltd. v. Mehta, 16 So.3d 914 (Fla. 3d DCA 2009). Moreover, it is well settled that the delayed discovery doctrine postpones the accrual of a cause of action until the plaintiff discovers or reasonably should have discovered a violation when the plaintiff is blamelessly ignorant. Hearndon v. Graham, 767 So.2d 1179, 1184 (Fla.2000).
Although this rule has regularly been applied to securities fraud claims, where tortfeasors conceal their fraudulent conduct, it is not applicable to cases where plaintiffs allege the sale of an unregistered *638 security. McCullough v. Leede Oil & Gas, Inc., 617 F.Supp. 384 (W.D.Okla.1986). “[A] seller of securities cannot conceal the fact that the securities he sells are not registered.... Thus, the discovery rule has little justification in the nonregistration setting.” Id. at 397. Accordingly, because appellants had the documents needed to determine whether they had a cause of action in 2004, they cannot be considered blamelessly ignorant and invoke the delayed discovery rule for their nonregistration claim.
Affirmed.