**Niurka DE VARONA, Plaintiff,**

v.

**DISCOUNT AUTO PARTS, LLC, a foreign limited liability company, d/b/a, Advance Auto Parts and John Grant, an individual, Defendants.**

**Case No. 12–20714–Civ–UU.**

United States District Court, S.D. Florida.

May 16, 2012.

---

Judd Gordon Rosen, Glen Z. Goldberg, Goldberg & Rosen PA, Miami, FL, for Plaintiff.

Michele Aimee Vargas, Emmet Jay Schwartzman, Carlton Fields, P.A., Miami, FL, for Defendants.

## ORDER ON PLAINTIFF'S MOTION FOR REMAND

URSULA UNGARO, District Judge.

THIS CAUSE is before the Court on Defendant, Advance Auto Part's Notice of Removal (D.E. 1), Plaintiff's Motion for Remand and for Attorney's Fees and Costs (D.E. 4), and Defendant's Response to Plaintiff's Motion. (D.E. 6.)

THIS Court has considered Plaintiff's Motion [1] (D.E. 4), the pertinent portions of the record, and is otherwise fully advised in the premises.

### I. Background

On September 27, 2011, Plaintiff, a Florida citizen, initiated this action in state court, naming Advance Auto Parts ("Advance Auto"), a Virginia corporation, as the sole defendant. D.E. 1–1 at 4; D.E. 1–3 at 4; D.E. 1–6. Later, Plaintiff amended her complaint, adding John Grant ("Grant"), the store manager and a Florida resident, as a defendant. D.E. 1–7. In the operative complaint, Plaintiff brings separate negligence counts against Advance Auto and Grant for the injuries that she allegedly sustained from falling in the parking lot at an Advance Auto store in Miami, FL. D.E. 1–1. In the relevant portion of the complaint for present purposes, Plaintiff alleges that Grant had a duty to use ordinary care to maintain the parking lot in a reasonably safe condition, and was negligent by failing to remove or warn of the oil or other "transitory foreign substance," which caused Plaintiff's fall. *Id.*

On February 21, 2012, Advance Auto removed the instant action to this Court,

---

1. The Court admonishes Plaintiff for failing to adhere to Local Rule 7.1, which requires that the moving party confer with opposing counsel prior to filing the instant motion. L.E. 7.1(a)(3). Although this deficiency alone provides sufficient grounds for the Court to deny the motion, it will render a judgment on the merits in the interests of time and justice. *Id.*

alleging that complete diversity of citizenship exists and that the amount in controversy exceeds seventy-five thousand dollars as required by 28 U.S.C. § 1332. D.E. 1. To overcome the fact that both Plaintiff and Grant are Florida citizens, Advance Auto argues that Grant's citizenship should be disregarded because he was fraudulently joined solely to avoid federal jurisdiction. D.E. 6 at 3. Advance Auto also contends that the amount in controversy exceeds seventy-five thousand dollars. D.E. 6 at 16. On March 6, 2012, Plaintiff moved to remand this case to state court, insisting that Grant was properly joined and that amount in controversy is less than seventy-five thousand dollars. D.E. 4 at 4.

## II. Legal Standard

■ In determining whether diversity jurisdiction exists, courts must disregard the citizenship of fraudulently joined parties. *See Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir.1996). A defendant is fraudulently joined where there is no "reasonable basis" for a claim against it. *See Crowe v. Coleman*, 113 F.3d 1536, 1542 (11th Cir.1997) ("For a remand . . . . there need only be a reasonable basis for predicting that the state law *might* impose liability on the facts involved") (emphasis in original); *Legg v. Wyeth*, 428 F.3d 1317, 1325 n. 5 (11th Cir.2005) ("The potential for legal liability must be reasonable, not merely theoretical. . . . Surely, as in other instances, reason and common sense have some role.") The procedure for resolving a fraudulent

joinder claim "is similar to that used for ruling on a motion for summary judgment under Fed.R.Civ.P. 56(b)." *Crowe*, 113 F.3d at 1538. The plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties, determine whether the plaintiff has fraudulently joined a resident defendant. *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998); *see also Legg*, 428 F.3d at 1324 (holding that it is "entirely proper" for the district court to consider affidavits submitted by a defendant). Thus, while courts must evaluate the factual allegations in the light most favorable to the plaintiff and resolve any uncertainties about state substantive law in plaintiff's favor, *Crowe*, 113 F.3d at 1538, courts may resolve factual controversies in plaintiff's favor "only when there is some question of fact," *Legg*, 428 F.3d at 1323.[2] When a defendant presents an undisputed affidavit, the court cannot resolve the facts in the plaintiff's favor "based solely on the unsupported allegations in the [plaintiff]'s complaint." *Id.*

## III. Analysis

### A. Claim against Grant

In its notice of removal, Advance Auto argues that Grant was fraudulently joined because there is no possibility under Florida law that Grant could be held individually liable for Plaintiff's alleged injury. D.E. 1. In support of its argument, Advance Auto presents an affidavit from Grant denying any personal responsibility for the

---

**2.** Because removal infringes upon state sovereignty and implicates central concepts of federalism, removal statutes are narrowly construed, with all doubts resolved in favor of remand. *See Univ. of So. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir.1999.) The Court of Appeals for the Eleventh Circuit has

further emphasized that district courts must be certain of their jurisdiction before permitting a case to proceed because it would be costly for the parties to have it determined after a final judgment has been rendered that the federal court lacked jurisdiction on removal. *Crowe*, 113 F.3d at 1538.

accident in question. Grant attests that he was not in the parking lot when the alleged accident occurred, that he could not see the parking lot from his vantage point in the store, and that he had no knowledge of any hazardous condition in the parking lot on the date of the incident. D.E. 1–9.

In response, Plaintiff submits unauthenticated pictures which allegedly demonstrate that Grant knew or should have known of the spill in the parking lot. D.E. 4 at 5; D.E. 4–4. The photographs are not dated, and it is not apparent from them that they were taken at the Advance Auto store where the incident in question occurred. D.E. 4–4. Furthermore, while the photographs show a blotchy spill in the parking lot adjoined to an Advance Auto store, they do not depict where Grant or Grant's office is located in reference to the spill. *Id.*

Florida courts have held that a corporate officer may be held individually liable for personal injuries caused to third parties provided several factors are present. The necessary elements are: (1) the corporation owes a duty of care to the third party, the breach of which has caused the damage for which recovery is sought; (2) the duty is delegated by the principal or employer to the defendant officer; (3) the defendant officer has breached this duty through personal—as opposed to technical or vicarious—fault; and (4) with regard to the personal fault, personal liability cannot be imposed upon the officer simply because of his or her general administrative responsibility for performance of some function of his or her employment. The officer must have a personal duty towards the injured third party, breach of which specifically has caused this party's damages. *McElveen v. Peeler,* 544 So.2d 270, 272 (Fla. 1st DCA 1989).

■ Because Plaintiff has not rebutted Grant's denial that he personally breached any duty owed to Plaintiff—the third element required—Plaintiff's motion to remand must be denied. The sole evidence that Plaintiff presents—the unauthenticated photographs—do not rebut Grant's denial of having any personal involvement for the alleged accident. The photographs do not controvert Grant's disavowal of having any responsibility over the parking lot. And because the photographs do not show where the alleged spill was in relation to Grant or Grant's work area, they do not draw into question Grant's denial of having any knowledge of the purportedly dangerous area. Moreover, apart from the photographs, which are not probative of whether Grant could be held individually liable for Plaintiff's injuries, Plaintiff relies solely on the unsupported allegations made previously in her complaint, reiterating in her motion to remand that "Grant, as Manager" was obliged to "use reasonable care to protect De Varona ...." and "to take affirmative steps to warn customers and/or supervise his employees." D.E. 4 at 4. But it is well-established under Florida law that Grant "does not incur personal liability for [the corporation]'s torts merely by reason of [the officer]'s official character." *Orlovsky v. Solid Surf,* 405 So.2d 1363, 1364 (Fla. 4th DCA 1981). To be individually liable, a corporate official must have committed or participated in the tort. *White v. Wal–Mart Stores, Inc.,* 918 So.2d 357, 358 (Fla. 1st DCA 2005) ("The law is clear to the effect that officers or agents of corporations may be individually liable in tort if they commit or participate in a tort"). Since Plaintiff has provided no facts showing that Grant played any role in her injuries, the Court finds no reasonable basis for Plaintiff's claim against Grant.

*B. Amount in controversy*

■ Where, as here, the jurisdictional amount is not apparent from the complaint[3], the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir.2001). The removing defendant must prove that the amount in controversy requirement has been satisfied, and may not do so "without setting forth the underlying facts supporting such an assertion." *Id.* at 1319–20.

■ In its removal notice, filed on February 21, 2012, Advance Auto presents evidence showing that, at that instant, Plaintiff had lost approximately $67,800 in wages. D.E. 1 at 7. Additionally, Advance Auto shows that, at the time of removal, Plaintiff had accumulated more than $13,000 in medical expenses. *Id.* Taking these two amounts alone, Defendant argues that Plaintiff's damages exceed the amount in controversy requirement.

In response, Plaintiff asserts that her medical expenses total $11,974.85, but offers no evidence in support of the alleged thousand dollar difference. D.E. 4 at 7. With respect to Plaintiff's earnings, Plaintiff does not dispute Defendant's claim that Plaintiff has forgone approximately $7,800 in wages from the job that she lost as a sales associate job at Rainbow U.S.A. *Id.* at 8; D.E. 1 at 7. However, Plaintiff disputes Defendant's conclusion that because Plaintiff stated that she earned "about 1,600 per week" as a vehicle transport driver, Plaintiff suffered approximately $60,000 in lost wages from this income source. D.E. 4 at 8. According to Plaintiff's counsel, Plaintiff's statement on these earnings was no more than a rough estimate, qualified by the use of the term "about." But Plaintiff's counsel provides no evidence showing that Plaintiff's actual earnings were substantially different than the amount that she provided, and the assertion by Plaintiff's counsel that Plaintiff's income from transporting passengers "fluctuated greatly," and is therefore difficult to predict, is belied by Plaintiff's rather detailed accounting of how much she has likely lost from this income source. "I have been unable to operate my business," Plaintiff explained in the pertinent interrogatory answer, "which transported on average 15 people everyday, seven days a week, to the Miccosukee Casino. Each individual being transported was charged $16. Based on this information, I averaged about $1,680 a week." D.E. 1–10. It is certainly plausible that Plaintiff's income from this source varied on a weekly basis. But without any evidence showing otherwise, the Court takes Plaintiff at her word that she earned a weekly average of $1,680 as a driver.

Plaintiff's remaining arguments amount to speculative assertions about Advance Auto's estimation of the value of the case and the potential that comparative negligence may reduce Plaintiff's award for lost wages. D.E. 4 at 7–8. And even if the Court were to entertain Plaintiff's speculations, they misunderstand the nature of the § 1332 inquiry. Once it has been established that the proponent has shown that the jurisdictional minimum has been met, the proponent's estimate of the claim's value must be accepted unless

---

**3.** In the operative complaint, Plaintiff alleges that the damages exceed $15,000, which, on its face, does not indicate whether the amount in controversy exceeds the $75,000 minimum required for federal jurisdiction under 28 U.S.C. § 1332. D.E. 1–1.

there is a "legal certainty" that the claim is actually for less than the jurisdictional amount. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir.2006). Because Plaintiff has presented no evidence or argument that such a certainty exists, her assertion that she may not recover the full jurisdictional amount is unavailing.

The Court thus finds that Defendant has proven that the jurisdictional amount has been satisfied. Even if the Court accepts Plaintiff's slightly lower estimate of her medical damages, the combination of Plaintiff's medical expenses and lost wages (as shown by Defendant) is sufficient for the jurisdictional minimum.

### IV. Conclusion

Accordingly, it is hereby ORDERED AND ADJUDGED that Plaintiff's Motion (D.E. 4), including Plaintiff's request for attorneys fees, is DENIED.