# Third District Court of Appeal

## State of Florida

Opinion filed May 25, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1793
Lower Tribunal No. 14-6503
_____


**Tammy Mathis,**
Appellant,

vs.

**Bethany Reese, et al.,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Antonio Arzola, Judge.

Alexander Appellate Law, P.A., and Samuel Alexander (DeLand), for appellant.

Bowman and Brooke LLP, and Stephanie M. Simm and Shawn Y. Libman, for appellees.


Before FERNANDEZ, C.J., and EMAS and MILLER, JJ.

PER CURIAM.

Affirmed. See E&A Produce Corp. v. Olmo, 864 So. 2d 447, 448 (Fla. 3d DCA 2003) (affirming summary judgment in favor of corporate officer, holding that "in the absence of any competent evidence of wrongdoing on [defendant's] part that would make her personally or individually liable, the trial court was correct to enter Final Summary Judgment in [defendant's] favor"); White v. Wal-Mart Stores, Inc., 918 So. 2d 357, 358 (Fla. 1st DCA 2005) (although an agent of a corporation may be held individually liable for their tortious acts even if committed within the course and scope of their employment, this arises only if the agent is "actively negligent" and "the complaining party must allege and prove that the officer or agent owed a duty to the complaining party, and that the duty was breached through personal (as opposed to technical or vicarious) fault" (citing McElveen v. Peeler, 544 So. 2d 270, 271-72 (Fla. 1st DCA 1989)). See also Saxton v. Dollar Tree Stores, Inc., No. 8:19-cv-2670-T-60TGW, 2019 WL 6716188 (M.D. Fla. Dec. 10, 2019); Boyd v. Petco Animal Supplies Stores, Inc., No. 3:18-cv-639-J-32PDB, 2018 WL 4360621 (M.D. Fla. Sept. 13, 2018) (granting motion to dismiss where plaintiff "provided no facts demonstrating that [the employee] played any role in her injuries.")